Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/27/2017 09:08 AM CST

Valerie A. Mansuetta, appellant, v.
Nicholas T. Mansuetta, appellee.
___ N.W.2d ___

Filed January 27, 2017.    No. S-16-116.

1. **Declaratory Judgments.** Whether to entertain an action for declaratory judgment is within the discretion of the trial court.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system.
3. **Declaratory Judgments.** The general rule is that an action for a declaratory judgment will not be entertained when another equally serviceable remedy has been provided.
4. **Declaratory Judgments: Jurisdiction.** Jurisdiction of a declaratory judgment action will not be entertained if there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties, and in which are involved, and may be adjudicated, the same identical issues that are involved in the declaratory action.

Appeal from the District Court for Buffalo County: William T. Wright, Judge. Judgment vacated, and cause remanded with directions.

Kent A. Schroeder, of Ross, Schroeder & George, L.L.C., for appellant.

Heather Swanson-Murray, of Swanson Murray Law, L.L.C., P.C., for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Nicholas T. Mansuetta, the appellee, filed a complaint for dissolution of marriage in the district court for Buffalo County, case No. CI14-172. During the pendency of the dissolution case, Valerie A. Mansuetta, the appellant, filed a separate complaint for declaratory judgment in the same court, seeking an order regarding the parties' rights under their prenuptial agreement. This separate action gives rise to this appeal. Valerie appeals from the order in the declaratory judgment action, in which the district court found the agreement to be wholly valid and enforceable. We determine that the district court abused its discretion by entertaining Valerie's declaratory judgment action when another action was pending involving the same parties and the same issues. Therefore, we vacate the order of the district court and remand the cause with directions to enter an order dismissing Valerie's complaint for declaratory judgment.

## STATEMENT OF FACTS

Nicholas and Valerie were married on February 14, 2008. On February 13, the day before they were married, Nicholas and Valerie executed a prenuptial agreement. The parties dispute the events leading up to the execution of the prenuptial agreement. Generally, Valerie asserts that she did not see a copy of the agreement until it was placed in front of her on February 13 and that she and Nicholas never discussed a prenuptial agreement prior to its execution. In contrast, Nicholas generally contends that he and Valerie had many discussions regarding executing a prenuptial agreement, that Valerie had received a draft of the agreement several days before they executed it, and that Valerie had the opportunity to review the agreement and obtain the advice of independent counsel before the parties executed the agreement.

In April 2014, Nicholas filed for the dissolution of the parties' marriage in case No. CI14-172. In September 2014, Valerie filed a separate action for declaratory judgment, in which she sought an order from the same court declaring that the parties' prenuptial agreement was invalid and unenforceable or, in the alternative, that portions of the prenuptial agreement were invalid, void, and unenforceable. In her declaratory judgment complaint, Valerie acknowledged the pendency of the dissolution of marriage action. She further acknowledged that enforcement of the prenuptial agreement was an issue in the dissolution action when she alleged that in Nicholas' complaint to dissolve the marriage, Nicholas had stated that the parties had "entered into a prenuptial agreement and that the Court should enforce the contents thereof."

After Valerie filed her complaint for declaratory judgment, Nicholas filed a motion to dismiss or, in the alternative, to consolidate the declaratory judgment action with the dissolution of marriage action. The court denied Nicholas' motions in an order filed January 13, 2015. In its January 13 order, the district court stated its reasoning as follows:

In the divorce action case [No. CI14-172], the Court [had previously overruled] Valerie's Motion to Bifurcate [and] focused on the fact that a preliminary bifurcated determination of the validity of the prenuptial agreement would not be a final appealable order and that evidence would still have to be taken on the balance of divorce and economic issues, albeit limited to those which were not foreclosed by a prenuptial agreement which the Court might determine is valid. Such a circumstance would create for the appellate courts, which might disagree after a *de novo* review of the facts, a significant problem as no evidence would have been developed which might assist the appellate court in remanding the matter or otherwise making determinations with regard to whether alimony is appropriate, even if not foreclosed by the prenuptial agreement.

The district court further reasoned in its January 13, 2015, order that a determination of the validity of the prenuptial agreement in the declaratory judgment action would be a final, appealable order and that "[a]n appeal could occur before final hearing occurred in the dissolution action and without the necessity of considering evidence at the final hearing on economic and alimony issues which would be largely irrelevant."

After a trial was held in this declaratory judgment action, on January 12, 2016, the district court filed an order in which it stated that it generally believed Nicholas' version of events over Valerie's version. The district court concluded that the prenuptial agreement is not ambiguous and that it is "wholly valid and enforceable in all aspects."

Valerie appeals.

## ASSIGNMENTS OF ERROR

Valerie claims that the district court erred in numerous respects, including when it determined that the parties' prenuptial agreement is "wholly valid and enforceable in all aspects." However, because we determine that the district court abused its discretion when it entertained this declaratory judgment action, we do not reach the merits of Valerie's assigned errors. See *Cain v. Custer Cty. Bd. of Equal.*, 291 Neb. 730, 750, 868 N.W.2d 334, 348 (2015) ("[a]n appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it").

## STANDARDS OF REVIEW

[1,2] Whether to entertain an action for declaratory judgment is within the discretion of the trial court. *Polk Cty. Rec. Assn. v. Susquehanna Patriot Leasing*, 273 Neb. 1026, 734 N.W.2d 750 (2007). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in

matters submitted for disposition through a judicial system. *Martin v. Martin*, 294 Neb. 106, 881 N.W.2d 174 (2016).

## ANALYSIS

Valerie raises various assignments of error, including that the district court erred when it determined that the parties' prenuptial agreement is wholly valid and enforceable in all respects. We do not reach the merits of Valerie's claims, because we determine that the district court abused its discretion when it entertained this declaratory judgment action.

[3] Actions for declaratory judgments are governed by Nebraska's Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 2016). Section 25-21,154, in particular, provides as follows: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." We have long noted that this provision indicates discretionary rather than mandatory power. *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 268 Neb. 439, 684 N.W.2d 14 (2004). We have stated that "the general rule is that an action for a declaratory judgment will not be entertained when another equally serviceable remedy has been provided." *Scudder v. County of Buffalo*, 170 Neb. 293, 296, 102 N.W.2d 447, 450 (1960).

[4] In *Strawn v. County of Sarpy*, 146 Neb. 783, 789, 21 N.W.2d 597, 600 (1946), we adopted the rule that

> "'jurisdiction of a declaratory judgment action will not be entertained if there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory action.'"

See *Sim v. Comiskey*, 216 Neb. 83, 341 N.W.2d 611 (1983). Thus, we have stated: "'Where an action or proceeding is

already pending in another forum involving the same issues, it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated by the defendant or the plaintiff in [a new] suit.'" *Strawn v. County of Sarpy*, 146 Neb. at 788, 21 N.W.2d at 600. Indeed, we have concluded that "[a] court abuses its discretion when it entertains jurisdiction over a declaratory judgment action in such a situation." *Woodmen of the World Life Ins. Soc. v. Yelich*, 250 Neb. 345, 350, 549 N.W.2d 172, 175 (1996). See, also, *Slosburg v. City of Omaha*, 183 Neb. 839, 165 N.W.2d 90 (1969); *Strawn v. County of Sarpy, supra*.

In a case somewhat similar to the instant case, we have previously considered the propriety of the district court's decision to entertain a declaratory judgment action in which the enforceability of a contract clause was raised, notwithstanding the pendency of another action involving the same issue. See *Woodmen of the World Life Ins. Soc. v. Yelich, supra*. In *Woodmen of the World Life Ins. Soc.*, upon our own analysis, we stated that the enforceability issue was not properly before the district court in the declaratory action and that the district court had abused its discretion when it considered the issue. As we stated in *Phelps County v. City of Holdrege*, 133 Neb. 139, 142, 274 N.W. 483, 485 (1937), the trial court should "'refuse a declaration where another court has jurisdiction of the issue [or] where a proceeding involving identical issues is already pending in another tribunal.'" The situations identified in *Phelps County* are present here.

In the instant case, as was recited on the face of Valerie's complaint, the dissolution of marriage action was pending when Valerie filed her complaint for declaratory judgment. Valerie further alleged in her complaint that Nicholas had requested that the dissolution court enforce the terms of the prenuptial agreement. Accordingly, the record shows that the identical issue regarding the validity and enforceability of the parties' prenuptial agreement had been raised in the dissolution of marriage action that was pending prior to the filing of

Valerie's declaratory judgment action, and the issue will necessarily be determined in the earlier case.

Although the district court acknowledged the pendency of the dissolution action, it abused its discretion when it stated in its January 13, 2015, order that a new and separate declaratory judgment action would be the "more serviceable" mechanism by which to resolve and make appealable one of the issues in the pending dissolution action. (Emphasis omitted.) We cannot endorse this approach, which artificially creates piecemeal appeals. We continue to adhere generally to the principle that "a declaratory judgment action cannot be used to supersede pending proceedings in which the rights of the parties can be determined." *Berigan Bros. v. Growers Cattle Credit Corp.*, 182 Neb. 656, 661, 156 N.W.2d 794, 798 (1968).

Under the circumstances of this case, it was "manifestly unwise and unnecessary to permit" the declaratory judgment action to go forward. *Strawn v. County of Sarpy*, 146 Neb. 783, 788, 21 N.W.2d 597, 600 (1946).

## CONCLUSION

Because we determine that the district court abused its discretion when it entertained this declaratory judgment action, we vacate the order of the district court and remand the cause with directions that the district court enter an order dismissing Valerie's complaint for declaratory judgment.

Judgment vacated, and cause
remanded with directions.