Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/19/2019 09:07 AM CDT

Jose Sandoval et al., appellants and cross-appellees,
v. John Peter Ricketts, Governor of the State
of Nebraska, et al., appellees, Don Stenberg,
Nebraska State Treasurer, et al., appellees
and cross-appellants, and Arthur L. Gales
et al., appellees and cross-appellees.

___ N.W.2d ___

Filed January 25, 2019.    No. S-18-390.

1. **Judgments: Jurisdiction: Appeal and Error.** Determination of a juris-
dictional issue which does not involve a factual dispute is a matter of
law which requires an appellate court to reach its conclusions indepen-
dent from a trial court.
2. **Motions to Dismiss: Pleadings: Appeal and Error.** An appellate court
reviews a district court's order granting a motion to dismiss de novo,
accepting the allegations in the complaint as true and drawing all rea-
sonable inferences in favor of the nonmoving party.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues
presented for review, it is the duty of an appellate court to determine
whether it has jurisdiction over the appeal.
4. **Declaratory Judgments.** An action for a declaratory judgment will not
lie where another equally serviceable remedy is available.

Appeal from the District Court for Lancaster County: John
A. Colborn, Judge. Affirmed.

Brian William Stull, of American Civil Liberties Union
Foundation, Amy A. Miller, of American Civil Liberties Union
of Nebraska Foundation, Christopher L. Eickholt, of Eickholt
Law, L.L.C., and Brett J. Williamson, Luann Simmons, and
Bill Trac, of O'Melveny & Myers, L.L.P., for appellants.

Douglas J. Peterson, Attorney General, and Ryan S. Post for appellees John Peter Ricketts et al.

Bartholomew L. McLeay, of Kutak Rock, L.L.P., for appellee John Peter Ricketts in his individual capacity.

J.L. Spray and Christina L. Usher, of Mattson Ricketts Law Firm, and Ryan K. McIntosh, of Brandt, Horan, Hallstrom & Sedlacek, for appellees Don Stenberg et al.

Tracy Hightower-Henne, of Hightower Reff Law, and Kevin Barry, of Quinnipiac University School of Law Legal Clinic, for amici curiae Legal Scholars.

Heavican, C.J., Cassel, Stacy, Funke, and Papik, JJ., and Pirtle and Riedmann, Judges.

Heavican, C.J.

## INTRODUCTION

Plaintiffs are eight death row inmates. The inmates filed suit seeking a declaratory judgment that 2015 Neb. Laws, L.B. 268, which abolished the death penalty in Nebraska, was not repealed by referendum. The inmates further sought injunctive relief preventing the Department of Correctional Services and its director, Scott R. Frakes, from carrying out executions or steps toward execution against any plaintiffs or indispensable parties. The Lancaster County District Court dismissed the complaint for failure to state a claim. The inmates appeal. We affirm the district court's dismissal.

## BACKGROUND

Plaintiffs in this case are Jose Sandoval, Roy L. Ellis, Jorge Galindo, Nikko Jenkins, John L. Lotter, Raymond Mata, Marco E. Torres, and Eric F. Vela (the inmates). Indispensable parties are Arthur L. Gales, Jeffrey Hessler, and Carey Dean Moore. The inmates and indispensable parties were all convicted of first degree murder and sentenced to death. Since the filing of the complaint, Moore has been executed.

The Nebraska Legislature passed L.B. 268 over the veto of Governor John Peter Ricketts on May 27, 2015. L.B. 268 abolished the death penalty in Nebraska. The Legislature adjourned on May 29; under Neb. Const. art. III, § 27, L.B. 268 would take effect on August 30.

Following the passage of L.B. 268, opponents of the bill organized as "Nebraskans for the Death Penalty, Inc.," and, on June 1, 2015, filed documents with the Nebraska Secretary of State seeking a referendum to repeal L.B. 268. On August 26, the opponents so organized filed with the Secretary of State petitions purporting to include the signatures of approximately 166,000 Nebraskans in support of the referendum. On October 16, the Secretary of State's office announced that verification of those signatures was complete and that enough signatures (in this case 143,000) had been verified to suspend the operation of L.B. 268. During the November 8 election, a vote was held on the referendum. The referendum passed, and L.B. 268 was repealed.

The complaint in this case was filed on December 4, 2017, and seeks declaratory and injunctive relief. Defendants in this action are Ricketts (in both his individual and official capacities), State Treasurer Don Stenberg (in both his individual and official capacities), Attorney General Doug Peterson (in only his official capacity), Frakes (in only his official capacity), Judy Glassburner, Aimee Melton, and Bob Evnen.

Count I seeks a declaratory judgment that the referendum was not legally sufficient or effective because members of the executive branch, including Ricketts and Stenberg, proposed, initiated, financed, organized, managed, and directed the process, in violation of the Nebraska Constitution's separation of powers provision.

Count II seeks a declaratory judgment that the referendum against L.B. 268 failed for lack of a sworn statement from the sponsors stating that the list of identified sponsors was truthful and accurate.

Count III seeks a declaratory judgment that the punishments for the inmates and the indispensable parties (except Jenkins, who was not sentenced to death as of May 30, 2017) were, by operation of law, converted into sentences of life imprisonment on August 30, 2015, and that the August 26 filing of unverified signatures did not suspend the effect of L.B. 268. Moreover, the October 15 announcement that sufficient signatures had been verified did not reinstate the death penalty for those individuals whose penalties had been changed to life imprisonment on August 30.

Defendants filed motions to dismiss, which were granted by the district court. The court reasoned that (1) the inmates had equally serviceable remedies, (2) the inmates failed to state a claim that Ricketts or Stenberg violated the separation of powers doctrine, (3) L.B. 268 never took effect, and (4) the Legislature lacked the power to modify the inmates' sentences.

The inmates appeal.

## ASSIGNMENTS OF ERROR

The inmates assign, renumbered and restated, that the district court erred in finding that (1) the inmates had other serviceable remedies; (2) L.B. 268 was suspended on August 26, 2015, upon the filing of unverified signatures; (3) the Legislature was without the power to modify the inmates' sentences from death to life imprisonment; and (4) the inmates failed to state a cause of action under the separation of powers provisions of the Nebraska Constitution, and by failing to allow the inmates to amend their pleading to state a claim.

On cross-appeal, defendants Stenberg, Glassburner, Melton, and Evnen assign that the district court erred in not finding they were misjoined parties and not accordingly dismissing them from the action.

## STANDARD OF REVIEW

[1] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an

appellate court to reach its conclusions independent from a trial court.[1]

[2] An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[2]

## ANALYSIS

*Subject Matter Jurisdiction.*

[3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal.[3] In this case, defendants sought dismissal on the basis of the district court's jurisdiction. The district court implicitly rejected this argument, and defendants again raise it here. They argued that the inmates

> filed a civil declaratory judgment action to collaterally attack their final death penalty sentences ordered by other district courts who had jurisdiction over [the inmates] and their crimes, which sentences were final after having been affirmed on appeal by the Nebraska Supreme Court. In short, [the inmates] filed the wrong procedure in the wrong court against the wrong defendants to obtain the remedy of having their death penalty sentences vacated and enjoined from being carried out.[4]

We disagree. Plainly, a district court has jurisdiction to hear and decide a declaratory judgment action.[5] But defendants' argument regarding jurisdiction certainly touches on the allegations made by the inmates and whether those allegations stated

---

[1] *State v. Lotter*, 301 Neb. 125, 917 N.W.2d 850 (2018).

[2] *Chafin v. Wisconsin Province Society of Jesus*, 301 Neb. 94, 917 N.W.2d 821 (2018).

[3] *State ex rel. Rhiley v. Nebraska State Patrol*, 301 Neb. 241, 917 N.W.2d 903 (2018).

[4] Brief for appellees Ricketts et al. at 17.

[5] Neb. Rev. Stat. § 25-21,149 (Reissue 2016).

a claim for which relief could be granted (i.e., the merits of this appeal). We now turn to that question.

*Equally Serviceable Remedies.*

The inmates argue that the district court erred in finding they could not maintain a declaratory judgment claim because they had other equally serviceable remedies—in their cases, postconviction actions arguing that their death sentences were void as a result of L.B. 268.

[4] We have held under similar circumstances that an action for a declaratory judgment does not lie where another equally serviceable remedy is available.[6] In *Hall v. State*, the defendant was convicted of second degree murder and sentenced to life imprisonment. This court affirmed that conviction and sentence and later dismissed an appeal of the denial of the defendant's motion seeking postconviction relief. The defendant then filed three motions seeking declaratory judgments and a second petition for postconviction relief. In those motions, he sought a finding that the second degree murder statute was unconstitutionally vague and overbroad.

We rejected the defendant's argument that declaratory judgment was an available remedy, observing that he had the opportunity to challenge the constitutionality of the relevant statutes in the criminal proceedings against him, through his direct appeal or a postconviction motion, but failed to do so. The defendant's motions seeking a declaratory judgment were a collateral attack on his convictions. We also dismissed his postconviction motion seeking similar relief as procedurally barred.

We addressed a similar situation in *State v. Dunster*.[7] In *Dunster*, the defendant filed a motion for new trial and a motion to vacate his death sentence. He asked us to recognize a new procedure for the purpose of challenging a purportedly

---

[6] *Hall v. State*, 264 Neb. 151, 646 N.W.2d 572 (2002).

[7] *State v. Dunster*, 270 Neb. 773, 707 N.W.2d 412 (2005).

void sentence. We declined that invitation, noting that a post-conviction motion, properly made, would be available to assert that one's sentence was void.

In this case, the record establishes that Jenkins' direct appeal is pending and that the other inmates have filed motions seeking postconviction relief. Each has raised the assertion that his death sentence or sentences are unconstitutional and void under L.B. 268. While we decline to hold that a postconviction action will always be the correct procedure, it is available here and provides all but Jenkins with a remedy which, compared to the declaratory judgment sought, is equally serviceable. Jenkins' equally serviceable remedy is his pending direct appeal.

We conclude that the inmates have equally serviceable remedies and accordingly affirm the district court's dismissal of their declaratory judgment action. We need not reach the inmates' remaining assignments of error or the cross-appeal filed by Stenberg, Glassburner, Melton, and Evnen.

## CONCLUSION

We affirm the decision of the district court dismissing the inmates' suit because other equally serviceable remedies were available.

Affirmed.

Miller-Lerman and Freudenberg, JJ., not participating.