Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/24/2019 09:08 AM CDT

IN RE INTEREST OF MAXIMUS B., A CHILD
UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLANT,
V. MAXIMUS B., APPELLEE.

___ N.W.2d ___

Filed March 1, 2019.    No. S-18-410.

1. **Judgments: Jurisdiction: Appeal and Error.** Determination of a juris-
   dictional issue which does not involve a factual dispute is a matter of
   law which requires an appellate court to reach its conclusions indepen-
   dent from a trial court.
2. **Juvenile Courts: Jurisdiction: Appeal and Error.** In a juvenile case,
   as in any other appeal, before reaching the legal issues presented for
   review, it is the duty of an appellate court to determine whether it has
   jurisdiction over the matter before it.
3. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902
   (Reissue 2016), the three types of final orders which may be reviewed
   on appeal are (1) an order which affects a substantial right and which
   determines the action and prevents a judgment, (2) an order affecting
   a substantial right made during a special proceeding, and (3) an order
   affecting a substantial right made on summary application in an action
   after judgment is rendered.
4. **Juvenile Courts: Final Orders: Appeal and Error.** A proceeding
   before a juvenile court is a "special proceeding" for appellate purposes.
5. **Final Orders: Appeal and Error.** Numerous factors determine when
   an order affects a substantial right for purposes of appeal. Broadly,
   these factors relate to the importance of the right and the importance
   of the effect on the right by the order at issue. It is not enough that the
   right itself be substantial; the effect of the order on that right must also
   be substantial.
6. **Final Orders.** Whether the effect of an order is substantial depends
   on whether it affects with finality the rights of the parties in the sub-
   ject matter.

7. **Juvenile Courts: Minors.** The substantial right of the State in a juvenile proceeding is derived from its parens patriae interest, and the State has a right to protect the welfare of its resident children.

Appeal from the Separate Juvenile Court of Douglas County: Douglas F. Johnson, Judge. Appeal dismissed.

Donald W. Kleine, Douglas County Attorney, Elizabeth McClelland, Mark P. Hanna, and Joseph Fabian, Senior Certified Law Student, for appellant.

No appearance for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE
The State of Nebraska appeals the order of the separate juvenile court of Douglas County which vacated a previous adjudication order based on acceptance of a "plea of no contest" to allegations made by the State against Maximus B. in an amended petition filed under Neb. Rev. Stat. § 43-247 (Reissue 2016). Specifically, the juvenile court determined that a "plea of no contest" is not a permitted answer under Neb. Rev. Stat. § 43-279 (Reissue 2016), where the petition alleges that the child is a juvenile violator under § 43-247. We conclude that the juvenile court's order which vacated its previous order of adjudication and set the matter for further proceedings was not a final order appealable by the State, and we therefore dismiss this appeal for lack of jurisdiction.

## STATEMENT OF FACTS
On October 6, 2017, the State filed a petition in the juvenile court alleging that Maximus, born in August 2002, was within § 43-247, because in May, he had committed sexual assault in the first degree, a Class II felony under Neb. Rev.

Stat. § 28-319(1)(a) (Reissue 2016). On November 1, Maximus appeared in court and entered a denial to the allegations in the State's petition. On November 16, the juvenile court filed a pretrial order in which it, inter alia, set a date for an adjudication hearing.

On January 25, 2018, the date the juvenile court had set for adjudication, the State filed an amended petition in which it alleged that Maximus was a juvenile violator under § 43-247, because in May 2017, he had committed the offense of disturbing the peace, a Class III misdemeanor under Neb. Rev. Stat. § 28-1322 (Reissue 2016). Maximus and his parents appeared before the juvenile court. It should be noted that the juvenile court judge who presided at the January 25 adjudication was not the same judge who had presided at Maximus' first appearance at which a pretrial order had been filed and who subsequently vacated the adjudication order.

At the adjudication hearing, Maximus stated that he wished to enter a "plea of no contest" to the allegations in the amended petition. After questioning Maximus and his parents and after determining that the State had presented a sufficient factual basis, the juvenile court accepted Maximus' "plea of no contest" and found him to be under its jurisdiction. The court set a date for a disposition hearing. The court filed an order that same day setting forth its findings and orders.

The disposition hearing was held on March 22, 2018. The juvenile court heard arguments regarding disposition and took the matter under advisement. On March 27, the juvenile court filed an order in which it stated that it had reviewed the case procedural history and noted that Maximus had entered a "no contest plea" to the allegations in the amended petition. The court noted that although Neb. Rev. Stat. § 43-279.01(3) (Reissue 2016) allowed the court in an abuse or neglect case to "accept an in-court admission, an answer of no contest, or a denial from any parent, custodian, or guardian," § 43-279 did not allow an alleged juvenile violator to enter a no contest plea. The court noted that § 43-279 limited the juvenile violator to

an admission or denial. See § 43-279(1) and (2). The court therefore vacated the January 25 adjudicatory finding and order. As a result of its ruling which vacated the previous order of adjudication, the court stated that the disposition hearing was moot, and it set a date for a formal pretrial hearing.

The State appeals the March 27, 2018, order which vacated the January 25 adjudication order.

## ASSIGNMENT OF ERROR

The State claims, consolidated and restated, that the juvenile court erred when it determined that a plea of no contest is not permitted under § 43-279 and vacated the order of adjudication.

## STANDARD OF REVIEW

[1] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court. *Sandoval v. Ricketts, ante* p. 138, 922 N.W.2d 222 (2019).

## ANALYSIS

[2] In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Paxton H.*, 300 Neb. 446, 915 N.W.2d 45 (2018). We conclude that the March 27, 2018, order from which this case arises is not a final order appealable by the State, and we therefore dismiss this appeal.

Neb. Rev. Stat. § 43-2,106.01 (Reissue 2016), which governs appellate jurisdiction for orders of the juvenile courts, is applicable to this case. Section 43-2,106.01(1) provides in part that "[a]ny final order or judgment entered by a juvenile court may be appealed to the Court of Appeals in the same manner as an appeal from district court to the Court of Appeals." And § 43-2,106.01(2) provides that "[a]n appeal may be taken by

. . . (d) The county attorney or petitioner, except that in any case determining delinquency issues in which the juvenile has been placed legally in jeopardy, an appeal of such issues may only be taken by exception proceedings pursuant to sections 29-2317 to 29-2319." Reading these subsections together, it is clear that whether the State seeks appellate review by appeal—as in this case—or by exception proceedings, the order or judgment must be final as required under the introductory language of § 43-2,106.01(1). We therefore consider whether the juvenile court's order which vacated its earlier order was a final order that was appealable by the State, and we need not consider whether the appropriate path was by appeal or exception proceedings.

[3,4] Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. *In re Interest of Zachary B.*, 299 Neb. 187, 907 N.W.2d 311 (2018). Neither the first nor third category applies here, and therefore, we examine whether under the second category, the juvenile court's order is an order affecting a substantial right made during a special proceeding. A proceeding before a juvenile court is a "special proceeding" for appellate purposes, see *id.*, and therefore, in order to determine whether the March 27, 2018, order is a final order, we must determine whether the order affected a substantial right of the State.

[5,6] Numerous factors determine when an order affects a substantial right for purposes of appeal. *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017). Broadly, these factors relate to the importance of the right and the importance of the effect on the right by the order at issue. *Id*. It is not enough that the right itself be substantial; the effect

of the order on that right must also be substantial. *Id*. Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter. *Id*.

[7] We have recognized that the substantial right of the State in a juvenile proceeding is derived from its parens patriae interest and that the State has a right to protect the welfare of its resident children. See *id*. So, the inquiry in the present case is whether the March 27, 2018, order substantially diminished the right of the State to pursue its obligations regarding Maximus.

We recently considered appealability in *In re Interest of Noah B. et al., supra*. In that case, the State sought to appeal an order in which the juvenile court had dismissed a supplemental petition seeking adjudication under § 43-247(3)(a) based on allegations that a parent had subjected his children to sexual abuse. We determined that the order affected a substantial right of the State and was a final, appealable order, because the "order dismissed the supplemental petition in its entirety with no leave to amend, thus foreclosing the State from pursuing adjudication and disposition on grounds of sexual abuse, and preventing the State from seeking to protect the children from such abuse." *In re Interest of Noah B. et al.*, 295 Neb. at 775, 891 N.W.2d at 119-20.

By contrast, the March 27, 2018, order in this case vacated the prior order of adjudication, but it did not dismiss the operative petition for adjudication, and instead, it set a date for further proceedings in the case. In the instant matter, the terms of the March 27 order did not foreclose the State from pursuing adjudication and disposition based on the allegations regarding Maximus, and consequently, it did not affect with finality the rights of the State.

## CONCLUSION

We conclude that the juvenile court's order vacating its previous order of adjudication and setting a date for further

proceedings in the case was not a final order appealable by the State. We therefore dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

Freudenberg, J., concurring.

I write separately only to note concern regarding a juvenile court's acceptance of a nolo contendere or no contest plea in certain proceedings. Statutorily, there are limited responses available to juveniles after petitions are filed in juvenile court alleging violations under Neb. Rev. Stat. § 43-247(1), (2), (3)(b), or (4) (Reissue 2016). Neb. Rev. Stat. § 43-279(1) (Reissue 2016) allows a juvenile to enter an admission to all or part of the allegations made in the petition. Section 43-279(2) sets forth the juvenile court procedures when juveniles deny the allegations contained in the petition or stand mute. However, the Legislature has not established the option for a juvenile to enter a nolo contendere or no contest response under this statute. This statutory absence is further highlighted by the Legislature's decision in Neb. Rev. Stat. § 43-279.01 (Reissue 2016) to make no contest pleas available to parents, custodians, or guardians in § 43-247(3)(a) and (6) proceedings.

While such issue is not reached in the majority opinion, I felt it important to highlight the relevant statutory language which would have been considered had the issue been reached.