The State appeals the March 27, 2018, order which vacated the January 25 adjudication order.
ASSIGNMENT OF ERROR
The State claims, consolidated and restated, that the juvenile court erred when it determined that a plea of no contest is not permitted under § 43-279 and vacated the order of adjudication.
STANDARD OF REVIEW
Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court. Sandoval v. Ricketts, 302 Neb. 138, 922 N.W.2d 222 (2019).
ANALYSIS
In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. In re Interest of Paxton H., 300 Neb. 446, 915 N.W.2d 45 (2018). We conclude that *391 the March 27, 2018, order from which this case arises is not a final order appealable by the State, and we therefore dismiss this appeal.
Neb. Rev. Stat. § 43-2,106.01 (Reissue 2016), which governs appellate jurisdiction for orders of the juvenile courts, is applicable to this case. Section 43-2,106.01(1) provides in part that "[a]ny final order or judgment entered by a juvenile court may be appealed to the Court of Appeals in the same manner as an appeal from district court to the Court of Appeals." And § 43-2,106.01(2) provides that "[a]n appeal may be taken by **369 ... (d) The county attorney or petitioner, except that in any case determining delinquency issues in which the juvenile has been placed legally in jeopardy, an appeal of such issues may only be taken by exception proceedings pursuant to sections 29-2317 to 29-2319." Reading these subsections together, it is clear that whether the State seeks appellate review by appeal-as in this case-or by exception proceedings, the order or judgment must be final as required under the introductory language of § 43-2,106.01(1). We therefore consider whether the juvenile court's order which vacated its earlier order was a final order that was appealable by the State, and we need not consider whether the appropriate path was by appeal or exception proceedings.
Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. In re Interest of Zachary B., 299 Neb. 187, 907 N.W.2d 311 (2018). Neither the first nor third category applies here, and therefore, we examine whether under the second category, the juvenile court's order is an order affecting a substantial right made during a special proceeding. A proceeding before a juvenile court is a "special proceeding" for appellate purposes, see id., and therefore, in order to determine whether the March 27, 2018, order is a final order, we must determine whether the order affected a substantial right of the State.
Numerous factors determine when an order affects a substantial right for purposes of appeal. In re Interest of Noah B. et al., 295 Neb. 764, 891 N.W.2d 109 (2017). Broadly, these factors relate to the importance of the right and the importance of the effect on the right by the order at issue. Id. It is not enough that the right itself be substantial; the effect **370 of the order on that right must also be substantial. Id. Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter. Id .
We have recognized that the substantial right of the State in a juvenile proceeding is derived from its parens patriae interest and that the State has a right to protect the welfare of its resident children. See id. So, the inquiry in the present case is whether the March 27, 2018, order substantially diminished the right of the State to pursue its obligations regarding Maximus.
We recently considered appealability in In re Interest of Noah B. et al., supra. In that case, the State sought to appeal an order in which the juvenile court had dismissed a supplemental petition seeking adjudication under § 43-247(3)(a) based on allegations that a parent had subjected his children to sexual abuse. We determined that the order affected a substantial right of the State and was a final, appealable *392 order, because the "order dismissed the supplemental petition in its entirety with no leave to amend, thus foreclosing the State from pursuing adjudication and disposition on grounds of sexual abuse, and preventing the State from seeking to protect the children from such abuse." In re Interest of Noah B. et al., 295 Neb. at 775, 891 N.W.2d at 119-20.
By contrast, the March 27, 2018, order in this case vacated the prior order of adjudication, but it did not dismiss the operative petition for adjudication, and instead, it set a date for further proceedings in the case. In the instant matter, the terms of the March 27 order did not foreclose the State from pursuing adjudication and disposition based on the allegations regarding Maximus, and consequently, it did not affect with finality the rights of the State.
CONCLUSION
We conclude that the juvenile court's order vacating its previous order of adjudication and setting a date for further **371 proceedings in the case was not a final order appealable by the State. We therefore dismiss this appeal for lack of jurisdiction.
APPEAL DISMISSED .