Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/06/2023 09:04 AM CST

Cheryl M. Mueller, appellant, v. Jeffrey T. Peetz,
Personal Representative of the Estate of
Lorine H. Mueller, deceased, and Gary
Mueller, appellees, and Margo Loop,
intervenor-appellee.

___ N.W.2d ___

Filed January 6, 2023.    No. S-21-1030.

1. **Declaratory Judgments.** Whether to entertain an action for declaratory judgment is within the discretion of the trial court.
2. **Declaratory Judgments: Parties.** In a declaratory judgment action, a party seeks a declaration as to the rights, status, or other legal relations between the parties.

Appeal from the District Court for Platte County: Robert R. Steinke, Judge. Affirmed as modified.

Clark J. Grant, of Grant & Grant, for appellant.

Neal J. Valorz, of Sipple, Hansen, Emerson, Schumacher, Klutman & Valorz, L.L.C., for appellee Margo Loop, and Burke C. Brown III, of Burke Brown Law, L.L.C., for appellee Gary Mueller.

Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ., and Marsh, District Judge.

Papik, J.

After Lorine H. Mueller died, disputes over the administration of her estate arose. One of the disputes was whether

a Nebraska judgment entered in favor of Lorine and against Cheryl M. Mueller, the widow of Lorine's deceased son, should be set off against the share of Lorine's estate that would otherwise pass to Cheryl. In probate proceedings commenced in Kansas, the state where Lorine resided at death, Lorine's living children, Margo Loop and Gary Mueller, took the position that setoff should be applied. Cheryl disagreed, arguing that an agreement between Cheryl and Margo precluded setoff. Cheryl also sought to halt the pursuit of setoff by filing a lawsuit in Nebraska in which she sought an order declaring that the agreement precluded setoff. The district court disagreed with Cheryl's reading of the agreement and dismissed the action. Cheryl now appeals that ruling to us. As we will explain, we find that the merits of Cheryl's lawsuit should not have been entertained. We thus modify the order of dismissal in certain respects, but otherwise affirm.

## BACKGROUND

The district court resolved this case upon cross-motions for summary judgment filed by Cheryl and by Margo and Gary. The evidence offered by the parties at the summary judgment hearing included various filings in other court proceedings involving the parties. Because our decision in this case turns in large part on the filings in those other proceedings, we discuss them in some detail below.

*2016 Judgment and Settlement Agreement.*

In 2015, Margo, as guardian and conservator for Lorine, filed an action in the district court for Platte County, Nebraska, against Cheryl. In 2016, Cheryl filed a confession of judgment in the amount of $340,846.52. The parties stipulated that judgment should be entered against Cheryl and in favor of Lorine in accordance with the confession of judgment. The district court entered a judgment as stipulated (the 2016 judgment).

The 2016 judgment was entered pursuant to a "Settlement Agreement and Mutual Release" (the settlement agreement) involving a number of parties including Margo, individually and as Lorine's guardian and conservator, and Cheryl. The settlement agreement provided that Cheryl would enter the confession of judgment. It also included various other provisions regarding the 2016 judgment. It stated that "Margo, and Lorine's estate shall not seek to collect the [2016 judgment]," but it also stated that the 2016 judgment "shall not be forgiven." The settlement agreement additionally stated that "Margo . . . shall not institute, promote, participate in, assist with, submit, file or permit to be filed on her . . . behalf any lawsuit, charge, claim, complaint, grievance . . . or other proceeding whether judicial, administrative, or arbitration, against Cheryl" with the exception of certain rights reserved elsewhere in the agreement. The agreement further provided the following: "For purposes of clarification, Margo is not waiving or relinquishing any rights to file a will contest action, a challenge to a personal representative or any actions in any estate proceeding of Lorine after her passing."

The settlement agreement also contained a paragraph regarding choice of law and forum selection. That paragraph provided that the settlement agreement would be governed by Nebraska law. With respect to forum selection, it stated:

> The parties hereby agree that any act to enforce the terms of this Agreement, or for any other remedy arising out of said Agreement, shall be brought only in the state or federal courts located in Columbus, Platte County, Nebraska, and in no other court, and each party specifically acknowledges and submits to the personal jurisdiction of said court and waives as to such court any defense of inconvenient forum or improper venue.

*Lorine's Death and Commencement*
*of Kansas Probate Proceedings.*

Lorine died in 2017 as a resident of Kansas, and probate proceedings were commenced there. Margo filed a motion in

those proceedings in November 2017 in which she asserted that the court should order that the 2016 judgment be set off against any distribution to which Cheryl would be entitled from Lorine's estate. The next month, Cheryl filed an affidavit in which she asserted that the relief sought by Margo was precluded by the terms of the settlement agreement. In June 2018, Cheryl made another filing in the Kansas probate proceedings. In that filing, Cheryl contended that under the settlement agreement, only the district court for Platte County, Nebraska, could construe the settlement agreement. Cheryl also argued that setoff was precluded by the settlement agreement.

*Commencement of Legal Proceedings
in Nebraska.*

In addition to resisting setoff in the Kansas probate proceedings, Cheryl also sought legal relief in Nebraska. Our record indicates that on November 13, 2019, Cheryl filed the lawsuit at issue in this appeal in the district court for Platte County. The lawsuit initially was filed against the personal representative of Lorine's estate. Subsequently, Margo intervened and Cheryl added Gary as a defendant. In the operative complaint, Cheryl alleged that Margo and Gary were seeking to enforce the 2016 judgment in the Kansas probate proceedings and that the settlement agreement precluded them from doing so. She requested that the court enter an order "enforcing" the settlement agreement and barring Lorine's estate, Margo, and Gary from pursuing an order setting off the 2016 judgment against Cheryl's share of Lorine's estate.

On November 19, 2019, Cheryl filed a motion in the case in which the 2016 judgment was entered. Cheryl asked that the district court for Platte County vacate the 2016 judgment.

*Kansas Probate Proceedings.*

Margo and Gary and Cheryl continued to make various filings in the Kansas probate proceedings after the commencement of the Nebraska legal proceedings. Our record includes

various filings from the Kansas probate proceedings in late 2019 and early 2020. In those filings, Margo and Gary argued that the Kansas probate court should set off the judgment against Cheryl's distributive share of Lorine's estate, and Cheryl argued that the Kansas probate court lacked jurisdiction to determine whether setoff should be applied and that even if it had jurisdiction, the terms of the settlement agreement precluded setoff.

Our record also includes a partial transcript of a hearing in the Kansas probate proceedings. There appears to be no dispute the hearing took place in March 2020. At that hearing, the judge said the following:

> I'll just say, I believe I have jurisdiction to enforce a judgment. The judgment doesn't reference in the judgment the side agreement or the agreement between the parties and it is not contingent upon those. It is simply a judgment for the amount of $340,846.52. And whether the claim turns out to be frivolous or time barred or however it is, the reality is that's the judgment.
>
> With that said and to that end, after considering the arguments of the parties, I do believe that I have authority to set off the amount of the confession of judgment plus accrued interest against [Cheryl's] distributive share of the estate; however, what I will do at this point, I will order that the stock be placed back into the estate. I'll withhold enforcing that judgment until you have had an opportunity to go through the process up in Platte County, Nebraska, to attempt to set aside the judgment since now the stock is back in the estate.
>
> . . . .
>
> That's where I'm going to go right now. I have explained what I believe, and I will withhold ordering the executor to apply that equitable setoff until they have had the opportunity to determine whether or not they're able to set aside that judgment. There's no point in ordering that $340,000 judgment setoff and then find out Nebraska

has now set aside that judgment. But the property is back in the estate.

### Cheryl's Attempt to Vacate
### 2016 Judgment Fails.

In October 2020, the district court dismissed Cheryl's complaint to vacate the 2016 judgment. The Nebraska Court of Appeals later affirmed. See *Loop v. Mueller*, 30 Neb. App. 300, 967 N.W.2d 749 (2021).

### Additional Probate Proceedings in Kansas.

In February 2021, Margo filed a petition in the Kansas probate court styled as a "Petition to Bar Collateral Attack on Setoff and for Executor to Provide Accounting and Collect Rent." In it, she observed that Cheryl had failed to vacate the confessed judgment, but was seeking an order precluding setoff in the lawsuit at issue in this appeal. Margo requested that the Kansas probate court enter an order that Cheryl's "collateral attack . . . seeking to overturn this court's March 3, 2020 order that the Estate's $340,846.52 judgment in Platte County, Nebraska District Court CI15-356 be [set off] against [Cheryl's] distributive share of the estate will not be recognized in this court." The petition also requested other relief regarding the executor of the estate.

In April 2021, the Kansas court entered an order granting Margo's petition in part and denying it in part. It granted some of the relief Margo sought regarding the executor of the estate. With respect to Margo's request that the court bar Cheryl from seeking relief in the lawsuit at issue in this appeal, the order stated, "The Court will allow the present lawsuits filed in Platte County, Nebraska to proceed to conclusion."

### District Court's Order at Issue on Appeal.

In September 2021, after a hearing on the cross-motions for summary judgment, the district court entered the order that is at issue in this appeal. In the order, the district court found

that Margo and Gary were entitled to summary judgment and dismissed Cheryl's action with prejudice. The district court stated that disposition of the case required it to interpret the settlement agreement. It determined that the terms of the settlement agreement did not preclude the pursuit of setoff. The district court concluded as follows: "Lorine died a resident of Kansas. Her estate is being probated in Kansas in accordance with Kansas law. It is for the Kansas court to determine if there is merit to Margo's claim for setoff."

Cheryl filed a motion to alter or amend. In support of the motion, Cheryl contended that Lorine's estate included Nebraska real property, that Lorine's will devised that real property to Cheryl, and that, under Nebraska law, setoff could not be applied to that real property. At the hearing on the motion to alter or amend, Cheryl offered as an exhibit a "Proof of Authority of Domiciliary Foreign Personal Representative" filed on November 12, 2019, in the county court for Platte County, Nebraska. Cheryl's attorney argued that this document demonstrated that there was an ancillary probate proceeding in Nebraska for the purpose of administering Nebraska real property Lorine owned at her death.

In an order addressing the motion to alter or amend, the district court found that Cheryl could have offered the evidence regarding the ancillary probate proceeding at the earlier hearing. For this reason, the district court refused to receive it into evidence. The district court overruled the motion to alter or amend.

Cheryl filed a timely appeal. We moved the case to our docket.

ASSIGNMENTS OF ERROR

Cheryl assigns three errors, each of which challenge the district court's conclusion that the terms of the settlement agreement did not preclude Margo and Gary from pursuing an order setting off the 2016 judgment against Cheryl's share of Lorine's estate.

STANDARD OF REVIEW

[1] Whether to entertain an action for declaratory judgment is within the discretion of the trial court. *Mansuetta v. Mansuetta*, 295 Neb. 667, 890 N.W.2d 485 (2017). See, also, Neb. Rev. Stat. § 25-21,154 (Reissue 2016).

ANALYSIS

Cheryl's arguments on appeal challenge the district court's conclusion that the terms of the settlement agreement did not preclude Margo and Gary from pursuing setoff. Cheryl contends that if the agreement is properly interpreted under Nebraska law, the setoff claim cannot be pursued and the district court erred by concluding otherwise. Before we analyze the merits of Cheryl's lawsuit, however, we must first explore a different question—whether the issue Cheryl raised in this lawsuit should have been considered by the district court at all. See *Mansuetta, supra*.

[2] The need to explore whether the merits of Cheryl's lawsuit should have been entertained arises from the nature of Cheryl's lawsuit. Although not expressly titled as such, Cheryl's lawsuit was, in substance, that of an action for a declaratory judgment. In a declaratory judgment action, a party seeks a declaration as to the rights, status, or other legal relations between the parties. See *Vlach v. Vlach*, 286 Neb. 141, 835 N.W.2d 72 (2013). See, also, Neb. Rev. Stat. § 25-21,149 (Reissue 2016). In this case, Cheryl sought an order from the district court declaring the parties' rights under the settlement agreement as it related to the possibility of setoff. At oral argument, Cheryl's counsel acknowledged that her lawsuit was, in substance, an action for a declaratory judgment and that Cheryl hoped to use a declaration to preclude Margo and Gary from pursuing setoff in probate proceedings. It is our practice to treat filings of litigants according to their substance, as opposed to their title. See, e.g., *Gerber v. P & L Finance Co.*, 301 Neb. 463, 919 N.W.2d 116 (2018).

The fact that Cheryl's lawsuit was an action for a declaratory judgment is significant because although, as a general matter, district courts have subject matter jurisdiction to hear and decide declaratory judgment actions, see *Sandoval v. Ricketts*, 302 Neb. 138, 922 N.W.2d 222 (2019), we have recognized that there are situations in which courts should decline to reach the merits of such actions. See, *Cain v. Lymber*, 306 Neb. 820, 947 N.W.2d 541 (2020); *Mansuetta, supra*. See, also, § 25-21,154. For example, we have held that a declaratory judgment action will not be entertained if there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same issues that are involved in the declaratory action. See *U.S. Specialty Ins. Co. v. D S Avionics*, 301 Neb. 388, 918 N.W.2d 589 (2018), *modified on denial of rehearing* 302 Neb. 283, 923 N.W.2d 367 (2019). In fact, we have held that a court abuses its discretion when it entertains jurisdiction over a declaratory judgment action in such a situation. *Id.* This rule applies when the other action or proceeding is pending in a court outside Nebraska. See *Woodmen of the World Life Ins. Soc. v. Yelich*, 250 Neb. 345, 549 N.W.2d 172 (1996). We have also recognized a similar principle—that an action for a declaratory judgment will not lie where another equally serviceable remedy is available. *Sandoval, supra*.

This appears to be a case in which the district court should have declined to exercise jurisdiction pursuant to the abstention principles discussed above. The evidence adduced at the summary judgment hearing revealed that at the time Cheryl filed this action, probate proceedings were pending in the Kansas court and Margo, Gary, and Cheryl were litigating the question of whether the settlement agreement precluded setoff in those proceedings. In addition, Cheryl appeared to have a remedy that was equally as serviceable as her declaratory judgment action—the Kansas probate court could rule that the settlement agreement precluded an order of setoff.

Indeed, Cheryl argued that the Kansas probate court should deny setoff on that basis.

In the face of the potential applicability of the foregoing declaratory judgment abstention doctrines, Cheryl contends that the district court nonetheless should have decided whether the settlement agreement precluded the pursuit of setoff. She claims this is so for multiple reasons. First, she contends that the Kansas probate court will not determine how the property in Lorine's estate will be distributed. Second, she argues that the issue of whether the settlement agreement precluded setoff could be decided only by a Nebraska court as a result of the settlement agreement's forum selection clause. Finally, she finds significance in the Kansas probate court's rejection of Margo's request in February 2021 that it bar Cheryl from seeking relief in the lawsuit at issue in this appeal. We address each of these points below.

The parties disagree about whether the property in Lorine's estate is subject to the Kansas probate proceedings or the ancillary probate proceeding in Nebraska. Cheryl contends that the estate consists of primarily Nebraska real property which is subject to the ancillary probate proceeding in Nebraska and that even if the estate also includes personal property, it too is subject to the ancillary probate proceeding, because Lorine was under a Nebraska conservatorship at the time of her death. Margo and Gary dispute that Lorine's estate includes Nebraska real property and take the position that because Lorine died as a resident of Kansas, it is for the Kansas probate court to decide how the personal property of the estate will be distributed. We need not resolve the parties' dispute on this issue. As we will explain, in either case, Cheryl has a remedy that is equally serviceable to the declaratory judgment she seeks.

If the property in Lorine's estate is subject to the Kansas probate proceedings, Cheryl can, as we have already discussed, raise her argument that the settlement agreement precludes setoff in those proceedings. And even if Cheryl is

correct and some or all of the property in Lorine's estate is actually subject to the Nebraska ancillary probate proceeding, nothing would prevent her from arguing to the county court in that proceeding that the settlement agreement precludes setoff. Cheryl's counsel conceded that point at oral argument, but claimed that the Nebraska county and district courts would have concurrent jurisdiction over the issue. But even if there is concurrent jurisdiction in the county and district courts, the fact that Cheryl would have an equally serviceable remedy in the ancillary probate proceeding in county court would mean that a declaratory judgment action in district court would not lie. See *Sandoval v. Ricketts*, 302 Neb. 138, 922 N.W.2d 222 (2019).

As for Cheryl's argument that the district court was the correct court to decide whether the settlement agreement precluded setoff because of its forum selection clause, we again disagree. Initially, we observe that if Cheryl is correct that all of the property in Lorine's estate is subject to the ancillary probate proceeding in county court, an argument relying on the forum selection clause fails to even get off the ground. The language of the forum selection clause allows for the parties to take action to enforce the terms of the settlement agreement in state court in Platte County but does not differentiate between district and county court.

And if Gary and Margo are correct that the Kansas probate court will decide how the assets in Lorine's estate will be distributed, we still disagree with Cheryl's contention that the forum selection clause required the district court to decide whether the settlement agreement precluded setoff. Cheryl's counsel suggested at oral argument that because of the settlement agreement's forum selection clause, the Kansas court lacked jurisdiction to decide issues regarding the settlement agreement. This is plainly incorrect as there is widespread consensus that parties may not deprive a court of subject matter jurisdiction by their own agreement. See, e.g., *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018). See, also,

*The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972) (explaining that idea that parties can deprive court of jurisdiction is "hardly more than a vestigial legal fiction"); Restatement (Second) of Conflict of Laws § 80 (1971). And, even if Cheryl's argument is reframed in nonjurisdictional terms, we still disagree that the presence of the forum selection clause required the district court to reach the merits of Cheryl's declaratory judgment action. Our decision in *Woodmen of the World Life Ins. Soc. v. Yelich*, 250 Neb. 345, 549 N.W.2d 172 (1996), lights the way on this issue.

In *Yelich, supra*, an employee brought suit against his former employer in West Virginia state court in the county in which he lived and worked. He did so despite a provision in his employment contract providing that the exclusive venue for any legal proceeding arising out of the contract was to be in Douglas County, Nebraska. But when the employer sought to have the case dismissed based on the forum selection clause, the West Virginia court denied the employer's motion. At that point, the employer brought a new lawsuit in the district court in Douglas County. There, the employer sought and obtained a declaration that the forum selection clause was enforceable and an order enjoining the terminated employee from further pursuing the West Virginia action. On appeal, however, we reversed. We relied on our rule that a declaratory judgment action should not be entertained if, at the commencement of the declaratory judgment action, another action is pending in which the same persons are parties and in which the issues involved in the declaratory action can be adjudicated. We found that because the enforceability of the forum selection clause was raised in the West Virginia action, it was an abuse of discretion for the district court to entertain the declaratory judgment action in Nebraska. And because we found that the declaratory judgment action should have been dismissed, we did not decide whether the forum selection clause was enforceable.

Just as in *Yelich, supra*, when the declaratory judgment action was initiated in this case, the issue that is the subject of that declaratory action—whether the settlement agreement precludes setoff—had already been raised in another action involving the same parties that was pending in the court of another state. Accordingly, under *Yelich*, the district court in this case should have declined to reach the merits of Cheryl's declaratory judgment action and the enforceability of the forum selection clause.

Finally, we also disagree with Cheryl to the extent she claims that the district court should have reached the merits of her declaratory judgment action as a result of the Kansas probate court's rejection of Margo's request in February 2021 that it bar Cheryl from seeking relief in the lawsuit at issue in this appeal. The Kansas probate court did not provide much explanation for that decision, and we can discern nothing in its order suggesting that it would not consider the question of whether the settlement agreement precluded an order of setoff. See *Polk Cty. Rec. Assn. v. Susquehanna Patriot Leasing*, 273 Neb. 1026, 734 N.W.2d 750 (2007) (rejecting argument that because Pennsylvania court had stayed case involving same parties and issues, district court should have reached merits of declaratory judgment action).

Finding no merit in any of Cheryl's arguments to the contrary, we conclude that the district court abused its discretion to the extent it reached the merits of this action. We emphasize that we reach this conclusion without expressing any view as to whether property in Lorine's estate is subject to the Kansas probate proceedings or the ancillary probate proceedings in Nebraska. We need not make any determination on that issue because, either way, the district court should have declined to reach the merits.

Although we find that the district court abused its discretion to the extent it entertained the merits of this declaratory judgment action, it correctly dismissed Cheryl's declaratory judgment action. Accordingly, we modify its order dismissing

the action to vacate any determinations regarding the settlement agreement's effect on setoff and to vacate the specification of a dismissal "with prejudice" but otherwise affirm the dismissal.

## CONCLUSION

For the reasons we have discussed, we affirm the district court's dismissal of the action as modified herein.

Affirmed as modified.

Heavican, C.J., not participating.