Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/14/2018 09:08 AM CDT

Chase County, a political subdivision of the
State of Nebraska, appellee, v. City of
Imperial, a political subdivision of
the State of Nebraska, appellant.
___ N.W.2d ___

Filed August 14, 2018.    No. A-17-813.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. **Administrative Law: Statutes: Appeal and Error.** The interpretation of statutes and regulations presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

3. **Declaratory Judgments: Statutes.** An action for a declaratory judgment is an appropriate remedy to determine the validity, construction, or interpretation of a statute.

4. **Declaratory Judgments.** The general rule is that an action for declaratory judgment does not lie where another equally serviceable remedy is available.

5. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

6. **Statutes: Legislature: Intent: Appeal and Error.** In discerning the meaning of a statute, an appellate court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

7. **Statutes.** If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning.

8. **Arrests: Health Care Providers: Costs.** Under Neb. Rev. Stat. § 47-703(2) (Cum. Supp. 2016), the costs of medical services are chargeable to the agency responsible for operation of the correctional facility where the recipient is lodged in all cases where medical services were not necessitated by injuries or wounds suffered during the course of apprehension or arrest.

9. **Statutes.** If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning.

10. **Arrests: Health Care Providers: Costs.** Neb. Rev. Stat. §§ 47-701 and 47-702 (Reissue 2010) apply to the costs of medical services for any person in need of such services at the time such person is arrested, detained, taken into custody, or incarcerated, and their application is not limited to only those arrestees who are ultimately lodged into a correctional facility.

11. **Statutes.** It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute.

Appeal from the District Court for Chase County: DAVID W. URBOM, Judge. Reversed and remanded for further proceedings.

Joshua J. Wendell, of McQuillan & Wendell, P.C., L.L.O., for appellant.

Arlan G. Wine, Chase County Attorney, for appellee.

Andre R. Barry and Nathan D. Clark, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for amicus curiae League of Nebraska Municipalities.

PIRTLE, RIEDMANN, and BISHOP, Judges.

RIEDMANN, Judge.
## INTRODUCTION
The City of Imperial (the City) appeals from an order of the district court for Chase County, which entered summary judgment in favor of Chase County (the County). For the reasons that follow, we reverse the district court's order and remand the cause for further proceedings.

- 221 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
CHASE COUNTY v. CITY OF IMPERIAL
Cite as 26 Neb. App. 219

## BACKGROUND

On the evening of December 24, 2016, a police officer who worked for the City arrested an individual for disturbing the peace and transported him to the Chase County jail, a correctional facility operated by the County. Upon arrival at the jail, the arrestee was intoxicated, uncooperative, and belligerent. The jail employees began the booking process. Based on the arrestee's intoxicated condition, noncompliance, and refusal to answer medical questions, a jail employee asked the police officer to take the arrestee to a hospital for medical clearance. The arrestee was evaluated at the hospital, and after receiving medical clearance, he was returned to the jail. He was much more cooperative at that point, the booking process was completed, and he was lodged into the jail.

The hospital presented a medical bill for the arrestee's medical evaluation in the amount of $436 to each party for payment. Each party denied payment, claiming the other party was responsible for payment of the bill. As a result of the disagreement, the County filed a complaint in the Chase County District Court seeking a declaratory judgment as to whether the County or the City was responsible for payment of the medical bill.

The County filed a motion for summary judgment. After holding an evidentiary hearing, the district court granted the motion and found that the City was responsible for payment of the medical bill. The City appeals.

## ASSIGNMENT OF ERROR

The City assigns, summarized, that the district court erred in granting the County's motion for summary judgment.

## STANDARD OF REVIEW

[1] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a

- 222 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
CHASE COUNTY v. CITY OF IMPERIAL
Cite as 26 Neb. App. 219

matter of law. *Sulu v. Magana*, 293 Neb. 148, 879 N.W.2d 674 (2016).

[2] The interpretation of statutes and regulations presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Bridgeport Ethanol v. Nebraska Dept. of Rev.*, 284 Neb. 291, 818 N.W.2d 600 (2012).

ANALYSIS

The parties agree that either the County or the City is the party responsible for payment of the medical bill at issue. They also agree that the matter is governed by Neb. Rev. Stat. §§ 47-701 to 47-703 (Reissue 2010 & Cum. Supp. 2016). We therefore provide no comment on whether the medical bill at issue is for "medical services" as that term is defined in § 47-701.

[3,4] We note that the relief sought in the County's complaint was a declaration that the City was responsible to pay the medical bill, rather than a request that the district court interpret and apply the applicable statutes. In fact, the County's complaint does not specifically reference the statutes at issue here. An action for a declaratory judgment is an appropriate remedy to determine the validity, construction, or interpretation of a statute. *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 388 N.W.2d 93 (1986). But the general rule is that an action for declaratory judgment does not lie where another equally serviceable remedy is available. *Carlson v. Carlson*, 299 Neb. 526, 909 N.W.2d 351 (2018). In this case, however, neither party has challenged the availability of declaratory relief nor alleged that a more serviceable remedy is available. We therefore assume, without deciding, that it was proper for the district court to entertain the parties' request for declaratory relief. See *id*.

The City argues that the district court erred in concluding that the City was responsible for paying the medical

- 223 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
CHASE COUNTY v. CITY OF IMPERIAL
Cite as 26 Neb. App. 219

bill, rather than holding the County responsible for payment. We agree.

[5-7] A determination of which governmental agency is responsible for payment requires statutory interpretation. Thus, we begin by recalling basic principles of statutory interpretation. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Bridgeport Ethanol v. Nebraska Dept. of Rev., supra*. In discerning the meaning of a statute, we must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Id*. If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Id*.

We now turn to the applicable statutes themselves. Section 47-701(1) provides that "[n]otwithstanding any other provision of law, sections 47-701 to 47-705 shall govern responsibility for payment of the costs of medical services for any person ill, wounded, injured, or otherwise in need of such services at the time such person is arrested, detained, taken into custody, or incarcerated."

Section 47-702 places primary responsibility for payment of the costs of medical services "provided to individuals who are arrested, detained, taken into custody, or incarcerated" with the recipients of such services if they have insurance coverage available to them.

Section 47-703(1) states that upon a showing that reimbursement from the sources enumerated in § 47-702 is not available, in whole or in part, the costs of medical services shall be paid by the appropriate governmental agency.

The County and the City agree that reimbursement from the sources listed in § 47-702 is not available in the instant case, and thus, the costs of the medical services are to be paid by the appropriate governmental agency. They disagree, however, on which governmental agency is responsible.

- 224 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
CHASE COUNTY v. CITY OF IMPERIAL
Cite as 26 Neb. App. 219

According to § 47-703(2):

> In the case of medical services necessitated by injuries or wounds suffered during the course of apprehension or arrest, the appropriate governmental agency chargeable for the costs of medical services shall be the apprehending or arresting agency and not the agency responsible for operation of the institution or facility in which the recipient of the services is lodged. In all other cases, the appropriate governmental agency shall be the agency responsible for operation of the institution or facility in which the recipient of the services is lodged, except that when the agency is holding the individual solely for another jurisdiction, the agency may, by contract or otherwise, seek reimbursement from the other jurisdiction for the costs of the medical services provided to the individual being held for that jurisdiction.

It is undisputed that the arrestee in the present case did not require medical services because of an injury or wound suffered during the course of his arrest. Therefore, the first portion of § 47-703(2) does not apply here.

[8] The remainder of § 47-703(2) indicates that it applies "[i]n all other cases" or, in other words, in all cases where there was no injury or wound suffered during the course of apprehension or arrest. Stated another way, the costs of medical services are chargeable to the agency responsible for operation of the correctional facility where the recipient is lodged in all cases where medical services were not necessitated by injuries or wounds suffered during the course of apprehension or arrest.

The County argues that its payment responsibility arises only once the recipient of services has been lodged into the facility, meaning after the booking process has been completed and the arrestee becomes an inmate. In support of its argument, the County cites to the Nebraska jail standards, see Neb. Rev. Stat. §§ 83-4,124 to 83-4,134 (Reissue 2014 & Cum. Supp. 2016), which it claims prohibits a jailer from

- 225 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
CHASE COUNTY v. CITY OF IMPERIAL
Cite as 26 Neb. App. 219

accepting a prisoner until booking procedures have been completed. The district court agreed with the County, interpreting § 47-703(2) to find that the point at which the payment obligation transferred from the arresting agency to the facility receiving the prisoner rested on the term "lodged." The court went on to conclude that a person is not "lodged" in jail until such person has been accepted by the facility after the person and arresting officer have complied with all requirements for acceptance, including any medical examination of the arrestee. The district court therefore determined that because the medical services in the instant case were rendered before the booking process was complete, the City was responsible for the medical costs.

[9] We disagree with the County and the district court. The language of § 47-703(2) is clear and unambiguous. If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning, and we are therefore precluded from looking beyond the words of the statute to construe its meaning. See *Stewart v. Nebraska Dept. of Rev.*, 294 Neb. 1010, 885 N.W.2d 723 (2016). Thus, consideration of and reference to the Nebraska jail standards is unnecessary and prohibited.

[10] Sections 47-701 and 47-702 apply to the costs of medical services for any person in need of such services *at the time such person is arrested, detained, taken into custody, or incarcerated*, and their application is not limited to only those arrestees who are ultimately lodged into a correctional facility.

[11] Additionally, we do not read § 47-703(2) to require lodging the arrestee into the facility as a condition precedent to holding the County responsible for medical costs. Considering the plain language of § 47-703(2) as a whole, determination of the appropriate governmental agency responsible for the payment of medical costs falls under two categories: If the medical services were required because of an injury or wound suffered during the course of the arrest, then the arresting agency bears

- 226 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
CHASE COUNTY v. CITY OF IMPERIAL
Cite as 26 Neb. App. 219

the responsibility of the costs. In all other cases where medical services were necessary, the agency responsible for operation of the correctional facility where the individual is lodged must pay the costs. Accepting the County's argument would require us to read out of the statute the words "[i]n all other cases" and create a third category of circumstances. It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute. *Stewart v. Nebraska Dept. of Rev., supra*.

Furthermore, application of the County's argument would allow the County to circumvent payment for medical services for any person who is arrested, detained, or taken into custody by requiring medical services for that individual prior to completing the booking process. Section 47-703 clarifies payment responsibility and imposes responsibility on the arresting agency only when the need for services is necessitated by injuries or wounds suffered in the course of apprehension or arrest. To interpret the statute in any other manner would require us to treat the phrase "[i]n all other cases" as superfluous. We view the phrase "facility in which the recipient of the services is lodged" to describe the governmental agency that operates the facility rather than to limit its responsibility for payment.

Consequently, we conclude that the district court erred in determining that the City was responsible for the medical costs. We therefore reverse the district court's order entering summary judgment in favor of the County and, there being no competing summary judgment motion from the City, remand the cause for further proceedings.

## CONCLUSION

The district court's order is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.