Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/03/2019 09:09 AM CDT

CHASE COUNTY, A POLITICAL SUBDIVISION OF THE
STATE OF NEBRASKA, APPELLEE, V. CITY OF
IMPERIAL, A POLITICAL SUBDIVISION OF
THE STATE OF NEBRASKA, APPELLANT.

___ N.W.2d ___

Filed March 8, 2019.    No. S-17-813.

1. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, the court views the evidence in the light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence.
2. **Declaratory Judgments: Appeal and Error.** In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independently of the conclusion reached by the court below.
3. **Administrative Law: Statutes: Appeal and Error.** The interpretation of statutes and regulations presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
4. **Declaratory Judgments: Justiciable Issues.** Declaratory judgments are available when a present actual controversy exists, all interested persons are parties to the proceedings, and a justiciable issue exists for resolution.
5. **Justiciable Issues.** A justiciable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement.
6. **Declaratory Judgments: Justiciable Issues.** At the time that the declaration is sought, there must be an actual justiciable issue from which the court can declare law as it applies to a given set of facts.
7. **Declaratory Judgments.** A declaratory judgment action can afford no relief to one who has failed to pursue a full, adequate, and exclusive statutory remedy.

Petition for further review from the Court of Appeals, PIRTLE, RIEDMANN, and BISHOP, Judges, on appeal thereto from the District Court for Chase County, DAVID W. URBOM, Judge. Judgment of Court of Appeals reversed with directions.

Joshua J. Wendell, of McQuillan & Wendell, P.C., L.L.O., for appellant.

Arlan G. Wine, Chase County Attorney, for appellee.

Andre R. Barry and Nathan D. Clark, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for amicus curiae League of Nebraska Municipalities.

Katharine L. Gatewood, Deputy Sarpy County Attorney, for amicus curiae Sarpy County.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and FREUDENBERG, JJ.

FUNKE, J.

The issue presented is which governmental agency, under Nebraska's statutory scheme, is financially responsible for medical services received by a person who is arrested, detained, taken into custody, or incarcerated. The district court found that the City of Imperial, Nebraska (Imperial), was responsible for the payment of $436 in medical costs incurred by an arrestee. The Nebraska Court of Appeals reversed the district court's decision and determined Chase County, Nebraska (Chase), to be the responsible party. Upon further review, we determine that declaratory judgment is not available, because the record does not show the existence of a justiciable controversy. The judgment of the Court of Appeals is reversed with directions to reverse and vacate the judgment of the district court.

## BACKGROUND

At approximately 10:30 p.m. on December 24, 2016, an Imperial police officer arrested an individual for disturbing

the peace and transported him to the Chase County jail for booking. Because the arrestee was heavily intoxicated and belligerent and was unable to answer questions during the booking process, the jail personnel requested that the arrestee be medically cleared before he was admitted into the jail facility. The arresting officer transported the arrestee to the Chase County hospital for a physical examination, which indicated that the arrestee had no medical conditions that would endanger another person or himself if placed in the jail. Shortly after midnight, the arresting officer returned the arrestee to the jail with a medical authorization form, the arrestee cooperated with the booking process, the agencies completed a custody authorization form, and the admission process was finalized.

Following these events, the hospital submitted a medical bill in the amount of $436 to Chase, and later to Imperial. Each party declined payment and contended that the other party was responsible for the payment.

## District Court

Chase filed an action for declaratory judgment in district court and moved for summary judgment, seeking a determination that Imperial was solely responsible for the medical charges. The district court granted the motion based on its interpretation of Nebraska's statutory scheme governing the payment of medical services for persons who are arrested, detained, taken into custody, or incarcerated.[1] The court also based its decision on the "Standards for Jail Facilities" regulations.[2]

The court's order laid out the relevant statutory provisions, beginning with § 47-701(1), which provides: "Notwithstanding any other provision of law, sections 47-701 to 47-705 shall govern responsibility for payment of the costs of medical services for any person ill, wounded, injured, or otherwise in need

---

[1] Neb. Rev. Stat. §§ 47-701 to 47-705 (Reissue 2010 & Cum. Supp. 2016).

[2] See 81 Neb. Admin. Code, chs. 1 (2014) and 4 (2012).

of such services at the time such person is arrested, detained, taken into custody, or incarcerated." Section 47-702 sets forth that the recipient of the medical services, or the individual's insurer or another available source, is primarily responsible for the payment of medical services. Upon a showing that the recipient or its insurer cannot pay the medical provider in whole or in part, § 47-703(1) provides that "the costs of medical services shall be paid by the appropriate governmental agency." The district court proceeded to determine whether Chase or Imperial was "the appropriate governmental agency" to be held responsible for the medical costs.

The first sentence of § 47-703(2) provides that medical services necessitated by injuries or wounds suffered during the course of apprehension or arrest shall be paid by "the apprehending or arresting agency and not the agency responsible for operation of the institution or facility in which the recipient of the services is lodged." The second sentence of § 47-703(2) provides that "[i]n all other cases, the appropriate governmental agency shall be the agency responsible for operation of the institution or facility in which the recipient of the services is lodged . . . ."

The court determined that the medical charges were not for injuries suffered during the arrest and were not for medical services required for an individual confined in jail. The court articulated that "[t]he determining factor to transfer the obligation from the arresting agency to the facility receiving the prisoner rests on the term 'lodged.'"

The court relied on a dictionary to define the word "'lodged' as (a) to provide temporary quarters for; [or] (b) to establish or settle in place." The court also considered 81 Neb. Admin. Code, ch. 1, § 002.26, which defines "inmate" as "[a]ny individual confined or residing in any jail facility," as well as 81 Neb. Admin. Code, ch. 4, § 002.01B, which provides:

Persons who are unconscious, seriously injured or those persons who appear to present a substantial risk of serious harm to another person or a substantial risk of serious

harm to themselves within the near future as defined by
the Nebraska Mental Health Commitment Act shall not be
admitted to the jail facility unless examined and approved
for admission by a medical authority or a licensed mental
health authority.

The court found that "a person is not 'lodged' in jail until
such person has been accepted by the facility after the person
and the arresting officer have complied with all requirements
for acceptance, including any medical examination of the
arrested person." The court therefore concluded that Imperial
was responsible for paying the $436 medical bill to the hospi-
tal. Imperial appealed.

### COURT OF APPEALS

On appeal, Imperial assigned that the district court erred,
restated and reordered, in (1) determining that the arresting
agency is responsible for the arrestee's medical costs when
the jailing agency required that the arrestee receive the care
prior to lodging the arrestee in the jail and (2) considering the
Nebraska jail standards regulations.

The Court of Appeals determined that the language of
§ 47-703(2) was clear and unambiguous and that therefore, it
was precluded from looking beyond the words of the statute
to construe its meaning.[3] As a result, the court determined that
consideration of and reference to the Nebraska jail standards
regulations was unnecessary and prohibited.[4]

The court interpreted the language of § 47-703(2) and
found the first sentence of that section inapplicable, because
the arrestee did not require medical services as a result of
an injury or wound suffered during the course of the arrest.
The court then construed the second sentence of § 47-703(2)
and found that sentence applied in this case. The court did so

---

[3] See *Chase County v. City of Imperial*, 26 Neb. App. 219, 918 N.W.2d 631
(2018).

[4] *Id.*

by emphasizing the phrase "[i]n all other cases." The court reasoned that based upon the clear language of § 47-703(2), "the costs of medical services are chargeable to the agency responsible for operation of the correctional facility where the recipient is lodged in all cases where medical services were not necessitated by injuries or wounds suffered during the course of apprehension or arrest."[5]

The Court of Appeals rejected Chase's contention that Imperial was responsible for the medical costs due to the fact that the services were rendered before the arrestee was admitted into the jail. The court stated that the application of §§ 47-701 and 47-702 "is not limited to only those arrestees who are ultimately lodged into a correctional facility."[6] Under its interpretation, the court did "not read § 47-703(2) to require lodging the arrestee into the facility as a condition precedent to holding [Chase] responsible for medical costs."[7] Rather, the court viewed "the phrase 'facility in which the recipient of the services is lodged' to describe the governmental agency that operates the facility rather than to limit its responsibility for payment."[8] The court supported its statutory interpretation by reasoning that Chase's position would allow a county "to circumvent payment for medical services for any person who is arrested, detained, or taken into custody by requiring medical services for that individual prior to completing the booking process."[9]

PETITION FOR FURTHER REVIEW

In its petition for further review, Chase assigns, restated, that the Court of Appeals erred in (1) concluding that a jailing agency's obligation to pay the incurred medical costs begins

---

[5] *Id*. at 224, 918 N.W.2d at 635.

[6] *Id*. at 225, 918 N.W.2d at 636.

[7] *Id.*

[8] *Id*. at 226, 918 N.W.2d at 636.

[9] *Id.*

"'at the time such person is arrested, detained, taken into custody, or incarcerated'" and (2) concluding that the phrase "'in all other cases'" means that medical services are chargeable to the jailing agency even when an arrestee receives medical services prior to being lodged in the jail facility.

Imperial contends that the Court of Appeals was correct in determining that § 47-703(2) is clear and unambiguous. Imperial agrees with the Court of Appeals' reasoning that the statute creates two discrete categories of circumstances regarding the payment of medical services for an arrestee: (1) when an arrestee requires medical care as the result of an injury sustained during the course of apprehension or arrest, in which event the arresting agency must provide payment, or (2) "all other cases," in which event the lodging agency must provide payment. Imperial argues that preexisting intoxication falls into the category of "all other cases." Imperial further argues that Chase is financially responsible, because Chase made the request for the medical services.

We granted Chase's petition for further review. Sarpy County filed a brief as amicus curiae in which it stated that it currently is in receipt of a hospital payment demand under circumstances factually similar to this case. Sarpy County argues that the Court of Appeals' interpretation failed to recognize that there is "an evident statutory gap in § 47-703(2) for situations where 1) an arrestee is not lodged in a facility and 2) the cause of [the] wound or injury did not occur as the result of the arrest or apprehension."[10] Sarpy County argues that § 47-703(2) is silent regarding an agency's financial responsibility for medical services in those two situations and that the Court of Appeals erred by filling the gap rather than leaving the matter for the Legislature.

## ASSIGNMENTS OF ERROR

Chase assigns on petition for further review, restated, that the Court of Appeals erred in (1) concluding that Chase's

---

[10] Brief for amicus curiae Sarpy County at 7.

obligation to pay the incurred medical costs began "'at the time such person is arrested, detained, taken into custody, or incarcerated'" and (2) concluding that the phrase "'in all other cases'" means that medical services are chargeable to the jailing agency even when the recipient of the medical services was not then lodged in the jail.

## STANDARD OF REVIEW

[1-3] In reviewing a summary judgment, the court views the evidence in the light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence.[11] In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independently of the conclusion reached by the court below.[12] The interpretation of statutes and regulations presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[13]

## ANALYSIS

[4-6] Declaratory judgments are available when a present actual controversy exists, all interested persons are parties to the proceedings, and a justiciable issue exists for resolution.[14] A justiciable issue requires a present, substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement.[15] A declaratory judgment action cannot be used to determine the legal effects of a set of facts which are future,

---

[11] *Ray Anderson, Inc. v. Buck's, Inc.*, 300 Neb. 434, 915 N.W.2d 36 (2018).

[12] See *id.*

[13] *Woodmen of the World v. Nebraska Dept. of Rev.*, 299 Neb. 43, 907 N.W.2d 1 (2018).

[14] *Board of Trustees v. City of Omaha*, 289 Neb. 993, 858 N.W.2d 186 (2015).

[15] *Id.*

contingent, or uncertain.[16] At the time that the declaration is sought, there must be an actual justiciable issue from which the court can declare law as it applies to a given set of facts.[17] Declaratory relief cannot be used to obtain a judgment which is merely advisory.[18]

[7] This court has consistently recognized that a declaratory judgment action should not be entertained where another equally serviceable remedy is available.[19] A declaratory judgment action can afford no relief to one who has failed to pursue a full, adequate, and exclusive statutory remedy.[20]

In this matter, Chase sought a declaration as to which of the parties under this set of facts is the "appropriate governmental agency" responsible for the costs of medical services under § 47-703(2). However, as explained above, the statutory scheme the parties ask this court to interpret places primary responsibility on the recipient or the recipient's insurer.[21] Neither the parties, the district court, nor the Court of Appeals considered whether, under § 47-702, the arrestee or his insurer, if any, could pay the medical provider in whole or in part.

Section 47-703(1) provides that "[u]pon a showing that reimbursement from the sources enumerated in section 47-702 is not available, in whole or in part, the costs of medical services shall be paid by the appropriate governmental agency." The parties made no showing that the recipient or his insurer could not pay for the medical costs, and as a result, the analysis cannot proceed to declare the parties' rights under § 47-703(2).

---

[16] *Id.*

[17] *Id.*

[18] *Nesbitt v. Frakes*, 300 Neb. 1, 911 N.W.2d 598 (2018).

[19] See, *Mansuetta v. Mansuetta*, 295 Neb. 667, 890 N.W.2d 485 (2017); *Bentley v. School Dist. No. 025*, 255 Neb. 404, 586 N.W.2d 306 (1998).

[20] *Boettcher v. Balka*, 252 Neb. 547, 567 N.W.2d 95 (1997).

[21] See §§ 47-702 and 47-703(1).

The required showing under § 47-703(1) is not onerous. Section 47-703(1) indicates that the provider of services shall submit an affidavit to the agency stating:

> (a) in the case of an insurer, health maintenance organization, preferred provider organization, or other similar source, a written denial of payment has been issued or (b) in all other cases, efforts have been made to identify sources and to collect from those sources and more than one hundred eighty days have passed or the normal collection efforts are exhausted since the medical services were rendered but full payment has not been received.

Section 47-703(1) indicates there is a low threshold regarding the adequacy of the affidavit by stating that "[i]n no event shall the provider of medical services be required to file a suit in a court of law or retain the services of a collection agency to satisfy the requirement of showing that reimbursement is not available pursuant to this section."

No allegations within Chase's complaint or any of the evidence adduced on the motion for summary judgment make the necessary showing under § 47-703(1). At argument before this court, Chase admitted that it did not make a showing to the district court that the recipient lacked the ability to pay and Imperial admitted that it knew Chase did not fulfill this requirement and did not raise an argument based on § 47-703(1) as a defense in district court. Because the requirements of § 47-703(1) were not satisfied, there was no showing that the "appropriate governmental agency" is liable for medical costs under § 47-703(2).

Though we appreciate the importance of this case to the parties and the far-reaching effects it may have on other governmental agencies, no justiciable controversy presently exists regarding the parties' rights under § 47-703(2). A determination of responsibility under § 47-703(2), absent the necessary showing under § 47-703(1), would be purely advisory. In addition, based on the record, we must conclude that there remains for the parties an adequate statutory

remedy under §§ 47-702 and 47-703(1). Declaratory judgment is not available.

We are aware that this may be a case of last impression regarding the parties' competing positions under § 47-703(2). There are two different bills to amend § 47-703 currently before the Legislature[22]; one of which identifies the very factual scenario now before us.

## CONCLUSION

We conclude that declaratory judgment is unavailable due to the lack of a justiciable controversy between the parties. In addition, declaratory judgment cannot provide the parties a remedy, because a statutory remedy is available. We reverse the judgment of the Court of Appeals with directions to reverse and vacate the judgment of the district court.

REVERSED WITH DIRECTIONS.

PAPIK, J., not participating.

---

[22] See 2019 Neb. Laws, L.B. 216, § 1, and L.B. 455, § 2.