Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/02/2021 08:08 AM CDT

Margo Loop, as Guardian and Conservator of Lorine
H. Mueller, appellee, v. Cheryl Mueller, appellant,
Margo Loop, individually, intervenor-appellee,
and Gary Mueller and Ryan G. Tessendorf,
Personal Representative of the
Estate of Lorine H. Mueller,
deceased, appellees.

___ N.W.2d ___

Filed October 26, 2021.    No. A-20-840.

1. **Summary Judgment.** Summary judgment is proper when the plead-
ings and the evidence admitted at the hearing disclose that there is no
genuine issue as to any material fact or as to the ultimate inferences that
may be drawn from those facts and that the moving party is entitled to
judgment as a matter of law.
2. **Summary Judgment: Appeal and Error.** An appellate court will affirm
a lower court's grant of summary judgment if the pleadings and admit-
ted evidence show that there is no genuine issue as to any material facts
or as to the ultimate inferences that may be drawn from those facts and
that the moving party is entitled to judgment as a matter of law.
3. **Motions to Vacate: Appeal and Error.** In reviewing a trial court's
action in vacating, or refusing to vacate, a judgment or order, an appel-
late court will uphold and affirm the trial court's action in the absence
of an abuse of discretion.
4. **Courts: Judgments: Time.** After the final adjournment of the term of
court at which a judgment has been rendered, the court has no authority
or power to vacate or modify the judgment except for the reasons stated
in Neb. Rev. Stat. § 25-2001 (Reissue 2016) and within the time limits
specified by Neb. Rev. Stat. § 25-2008 (Reissue 2016).
5. **Courts: Judgments: Fraud: Time.** Notwithstanding the 2-year time
limitation prescribed by Neb. Rev. Stat. § 25-2008 (Reissue 2016),
the Nebraska Supreme Court has adopted a discovery rule for cases

involving a claim of a fraudulently obtained judgment. Such discovery rule provides that when the fraud has not been discovered, or in the exercise of reasonable diligence could not have been discovered, during the 2 years immediately following the fraudulently obtained judgment, an exception to the strict application of the 2-year time limitation prescribed by § 25-2008 exists.

Appeal from the District Court for Platte County: ROBERT R. STEINKE, Judge. Affirmed.

Clark J. Grant, of Grant & Grant, for appellant.

Neal J. Valorz, of Sipple, Hansen, Emerson, Schumacher, Klutman & Valorz, for appellee Margo Loop.

Ryan G. Tessendorf, pro se.

RIEDMANN and ARTERBURN, Judges.

ARTERBURN, Judge.

### INTRODUCTION

In January 2016, Cheryl Mueller filed a confession of judgment in an action brought against her by Margo Loop (Margo), who was acting in her capacity as guardian and conservator for Lorine H. Mueller. The confession of judgment resulted in a judgment being entered against Cheryl in the amount of $340,846.52. More than 3½ years later, Cheryl filed a complaint seeking to vacate the judgment that had been entered against her. In response to the complaint, Margo filed a motion for summary judgment. The district court granted Margo's motion for summary judgment, finding that Cheryl's complaint to vacate was "time-barred as a matter of law." Cheryl appeals from the district court's decision, challenging the court's determination that her complaint was barred by the relevant statute of limitations. For the reasons set forth herein, we affirm the decision of the district court to grant Margo's motion for summary judgment and to dismiss Cheryl's complaint to vacate.

## BACKGROUND

In 2015, Margo was acting as the guardian and conservator for her mother, Lorine. In her capacity as Lorine's guardian and conservator, Margo initiated an action against Cheryl, the widow of one of Lorine's two sons (2015 district court proceedings). The action alleged, among other claims, that Cheryl had breached her fiduciary duties and had committed acts of fraud, unjust enrichment, negligence, and conversion.

On January 8, 2016, Margo and Cheryl jointly filed a confession of judgment in the 2015 district court proceedings. The confession of judgment provided that Cheryl "understands and confesses that Judgment should be and hereby is entered in favor of [Margo] against [Cheryl] in the amount of Three Hundred Forty Thousand, Eight Hundred Forty-Six and 52/100 Dollars ($340,846.52)." That same day, Margo and Cheryl also jointly filed a stipulation for entry of judgment. Therein, they agreed that pursuant to the confession of judgment, a judgment should be entered against Cheryl in the amount of $340,846.52. The district court accordingly entered such judgment against Cheryl.

Cheryl's decision to confess judgment was apparently the result of a broader settlement agreement entered into by Cheryl, Margo, and other related parties, which agreement resolved not only the 2015 district court proceedings, but also resolved other pending and future claims between all the parties to the settlement agreement. The agreement explains:

> [T]he parties, without admitting liability, fault or indebtedness, successfully negotiated a resolution of all issues, complaints and claims, and the parties desire to formalize their settlement of any and all claims, known or unknown, that they have or may have against each other, including, but not limited to, any claims raised or which could have been raised relating to their disputes, claims, and defenses in the Pending Litigation.

As is relevant to the 2015 district court proceedings, the settlement agreement provided as follows:

Cheryl shall execute the Confession of Judgment in the District Court Lawsuit . . . simultaneously with the execution of this Agreement. Cheryl shall instruct her legal counsel to execute the Joint Stipulation for Entry of Judgment and the Order for Entry of Judgment . . . simultaneously with the execution of this Agreement. Margo shall file the executed Confession of Judgment, the Joint Stipulation for Entry of Judgment and proposed Order for Entry of Judgment in the District Court Lawsuit. Each party shall bear her own attorney fees, expert fees and costs. Margo, and Lorine's estate shall not seek to collect the Confession of Judgment. The Confession of Judgment shall not be forgiven.

Later on in the settlement agreement, the parties, "[f]or purposes of clarification," stated that under the terms of the agreement, "Margo is not waiving or relinquishing any rights to file a will contest action, a challenge to a personal representative or any actions in any estate proceeding of Lorine after her passing."

Lorine died in February 2017, a little over a year after Cheryl agreed to confess judgment in the 2015 district court proceedings. At the time of her death, Lorine was a resident of Kansas. Shortly after Lorine's death, Margo filed a petition in the district court for Sedgwick County, Kansas, to probate a will authored by Lorine in 1979. This will identified Margo and her surviving brother, Gary Mueller, as the devisees.

One week after Margo filed her petition to probate the 1979 will, Ryan G. Tessendorf also filed a petition to probate a will authored by Lorine. However, this will was authored in 2007 and identified the devisees as Margo, Gary, and Cheryl. In fact, the 2007 will devised to Cheryl the majority of Lorine's estate. In the 2007 will, Tessendorf was appointed by Lorine to serve as her personal representative.

Ultimately, in an order dated October 10, 2019, the district court in Kansas determined that the 2007 will should

be probated. The court appointed Tessendorf as the personal representative.

During the pendency of the will contest proceedings, the district court in Kansas appointed a special administrator for Lorine's estate in order to preserve the assets of the estate and to pay all necessary expenses of the estate, pending the decision regarding which will to probate. In November 2017, a few months after the special administrator was appointed, Margo filed a motion with the Kansas district court, asking that the special administrator be given the authority to obtain a certified copy of the confession of judgment entered by Cheryl in the 2015 district court proceedings. Margo further requested that the special administrator register that confession of judgment in the Kansas district court "for the purpose of offset of the obligation due under the Confession of Judgement and, to the extent not otherwise satisfied, for execution against the assets of Cheryl." In the motion, Margo explained her request as follows:

> In the event that the Court determines that Cheryl . . . is a beneficiary under the Estate of Lorine . . . and would otherwise be entitled to a distribution from the Estate, the amount due to the Estate under the Confession of Judgment should be repaid prior to [Cheryl's] receipt of any distribution from the Estate. In the event Cheryl . . . has not satisfied the judgment or any other obligation prior to any potential distribution from the Estate, the Court should order that any distribution due to Cheryl . . . be applied to any remaining obligation due the Estate.

In response to Margo's motion requesting the special administrator to register the confession of judgment from the 2015 district court proceedings in the Kansas district court, on December 5, 2017, Cheryl filed a motion indicating that the confession of judgment was fraudulently obtained and should not be accorded "lien status" in the estate proceedings. Specifically, Cheryl asserted that Margo was attempting to collect the judgment from her in direct violation of the

terms of the settlement agreement which provided, "Margo, and Lorine's estate shall not seek to collect the Confession of Judgment."

In addition to the motion filed in the Kansas district court, Cheryl also filed a verified motion for an ex parte order for enforcement of the settlement agreement in the district court for Platte County, Nebraska, in November 2017. Cheryl's motion indicates it was filed using the same case number as the 2015 district court proceedings. Therein, Cheryl requested that the district court enforce the terms of the parties' settlement agreement by prohibiting Margo or any other party from registering the confession of judgment in the Kansas probate proceedings. There is nothing in our record which indicates the district court took any action on the verified motion for an ex parte order.

Cheryl filed a third motion objecting to the registration of the confession of judgment in the Kansas probate proceedings in the Kansas district court in June 2018. Essentially, Cheryl argued that the Kansas district court lacked the authority to consider the confession of judgment.

The Kansas district court considered whether it should enforce the confession of judgment. At the close of a hearing held on March 3, 2020, related to this topic, the court stated:

> I'll just say, I believe I have jurisdiction to enforce a judgment. . . .
>
>   With that said and to that end, after considering the arguments of the parties, I do believe that I have authority to set off the amount of the confession of judgment plus accrued interest against [Cheryl's] distributive share of the estate . . . . I'll withhold enforcing that judgment until you have had an opportunity to go through the process up in Platte County, Nebraska, to attempt to set aside the judgment . . . .

The court concluded that it would withhold ordering the executor to apply the equitable setoff until the Nebraska court

had an opportunity to determine whether the judgment should be set aside.

A few months prior to that hearing in the Kansas district court, on November 19, 2019, in the district court for Platte County, Cheryl had filed a complaint to vacate the January 2016 confession of judgment and resulting court order pursuant to Neb. Rev. Stat. § 25-2001 (Reissue 2016). The complaint listed the name of the case and the case number from the 2015 district court proceedings. On November 27, Cheryl filed an amended complaint.

Tessendorf filed an answer to Cheryl's complaint. In addition, Margo intervened in the proceedings and filed her own answer. In Margo's answer, she asserted that Cheryl's complaint was not timely filed pursuant to the statute of limitations espoused in Neb. Rev. Stat. § 25-2008 (Reissue 2016), which required that proceedings to vacate a judgment pursuant to § 25-2001(4) be commenced no later than 2 years after the entry of the judgment or order. Subsequently, Margo filed a motion for summary judgment. Margo asserted that Cheryl's "Complaint and Amended Complaint should be dismissed in their entirety as they fail to state a claim upon which relief can be granted because [Cheryl] is time barred from purposing this action."

Subsequently, on June 8, 2020, Cheryl filed a second amended complaint, which became the operative pleading. In the second amended complaint, Cheryl again asked that the district court vacate the January 2016 confession of judgment and resulting court order pursuant to § 25-2001(4), as the judgment "was procured by the fraudulent representations of Margo . . . in representing that the Confession of Judgment would never be enforced." However, in this complaint, Cheryl for the first time explained that it was her understanding that Margo agreed not to collect the judgment entered against Cheryl because it would, instead, be used "to offset substantial capital gain tax that would be incurred by Lorine . . . as a result of her selling appreciated farm real estate." Cheryl indicated that

she learned in December 2019 that the judgment had not been used in this manner. Also in the second amended complaint, Cheryl affirmatively alleged that she did not discover sufficient evidence of Margo's alleged fraud within the time allowed by § 25-2008 for commencing the proceeding to vacate the confession of judgment.

On the same day that the second amended complaint was filed, a hearing was held on Margo's motion for summary judgment. After the hearing, the district court entered an order granting Margo's motion. The district court found that Cheryl's complaint to vacate was filed "roughly 3 years and 10 months after the entry of the judgment on January 8, 2016" and that, as a result, "it was clearly commenced outside the [2-year] time constraints of §25-2008." The court further found that because the evidence established Cheryl "knew of, or in the exercise of reasonable diligence could have discovered, Margo's alleged fraud" within 2 years after the entry of the January 2016 judgment, there was no valid reason to extend the 2-year time limitation provided by § 25-2008. The district court concluded:

[H]aving determined that [Cheryl's] complaint to vacate the January 8, 2016, judgment is time-barred as a matter of law, the Court finds that the motion for summary judgment filed by [Margo] on March 19, 2020, shall be sustained. That said, [Cheryl's] operative second amended complaint to vacate order for entry of judgment filed on June 8, 2020, is ordered dismissed with prejudice.

Cheryl appeals from the district court's decision to grant Margo's motion for summary judgment and dismiss her complaint to vacate with prejudice.

## ASSIGNMENTS OF ERROR

On appeal, Cheryl argues that the district court erred in determining that the statute of limitations bars her complaint to vacate the January 2016 judgment against her. She also argues that the district court erred in not finding that the statute of

limitations was tolled pending the outcome of the will contest proceedings in the Kansas district court.

## STANDARD OF REVIEW

[1,2] Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Meyer Natural Foods v. Greater Omaha Packing Co.*, 302 Neb. 509, 925 N.W.2d 39 (2019). An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

[3] In reviewing a trial court's action in vacating, or refusing to vacate, a judgment or order, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. See *In re Estate of West*, 226 Neb. 813, 415 N.W.2d 769 (1987).

## ANALYSIS

On appeal, Cheryl challenges the decision of the district court to grant Margo's motion for summary judgment. Cheryl alleges that the court erred in determining that the 2-year statute of limitations to bring her complaint to vacate was not extended due to her lack of knowledge regarding the alleged fraud perpetrated by Margo in the execution of the settlement agreement and the resulting confession of judgment. Upon our review, we find no error in the district court's decision to grant Margo's motion for summary judgment on the basis that Cheryl's complaint to vacate was not timely filed.

[4] Our law is well settled that after the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to vacate or modify the judgment except for the reasons stated in § 25-2001 and

within the time limits specified by § 25-2008. See *Woodcock v. Navarrete-James*, 26 Neb. App. 809, 923 N.W.2d 769 (2019). While a court's jurisdiction under § 25-2001 is concurrent with its equity jurisdiction, this does not mean a party can seek to set aside a judgment or order as an equitable remedy where a remedy exists under the statute. Rather, "a litigant seeking to proceed in equity must show that § 25-2001 is not applicable, because equitable relief does not lie where there is a remedy at law." *Western Fertilizer v. City of Alliance*, 244 Neb. 95, 101, 504 N.W.2d 808, 813 (1993). See, also, *Hornig v. Martel Lift Systems*, 258 Neb. 764, 606 N.W.2d 764 (2000) (affirming court's exercise of equity jurisdiction to vacate judgment where it was clear that none of provisions in § 25-2001(4) could have served parties seeking to vacate judgment).

In her complaint to vacate, Cheryl sought to vacate the confession of judgment and the resulting entry of judgment against her in the 2015 district court proceedings. Cheryl filed her complaint to vacate in November 2019. The judgment she sought to vacate was entered against her in January 2016. As such, her complaint to vacate was clearly filed after the adjournment of the term of court at which the judgment had been rendered. In fact, her complaint to vacate was filed almost 4 years after the judgment had been rendered.

Cheryl sought vacation of the judgment entered against her in January 2016 based on § 25-2001(4), which provides, in part: "A district court may vacate or modify its own judgments or orders after the term at which such judgments were made . . . (b) for fraud practiced by the successful party in obtaining the judgment or order . . . ." The fraud alleged by Cheryl was Margo's agreement that she would not seek to collect on the judgment entered against Cheryl and Margo's subsequent action to see that Cheryl's inheritance from Lorine's estate was offset by the amount of the January 2016 judgment.

[5] Section 25-2008 requires:

Proceedings to vacate or modify a judgment or order, for the causes mentioned in subsection (4) of section 25-2001 must be commenced no later than two years

after the entry of the judgment or order unless the party entitled thereto is an infant or person of unsound mind, and then no later than two years after removal of such disability.

However, notwithstanding the time limitation prescribed by § 25-2008, the Nebraska Supreme Court has adopted a discovery rule for cases involving a claim of a fraudulently obtained judgment. See *In re Estate of West*, 226 Neb. 813, 415 N.W.2d 769 (1987). Such rule provides that when the fraud has not been discovered, or in the exercise of reasonable diligence could not have been discovered, during the 2 years immediately following the fraudulently obtained judgment, an exception to the strict application of the 2-year time limitation prescribed by § 25-2008 exists. See, *In re Estate of West, supra*; *Katz v. Swanson*, 147 Neb. 791, 24 N.W.2d 923 (1946).

In this case, the district court concluded that the fraud exception to the 2-year time limitation prescribed by § 25-2008 did not apply because Cheryl knew, or in the exercise of reasonable diligence could have known, of the alleged fraud perpetrated by Margo within 2 years of the entry of the January 2016 judgment. We agree with the finding of the district court.

Cheryl asserts that Margo committed fraud in inducing her to enter the confession of judgment by promising not to collect on the judgment in the settlement agreement, but all the while intending to attempt to offset the judgment against Cheryl's inheritance from Lorine's estate. In so doing, Cheryl equates the attempt to offset with collection. The evidence before the court reveals that Cheryl was made aware of Margo's intentions to attempt to offset the judgment against Cheryl's inheritance as early as November 2017, when Margo filed a motion with the Kansas district court, asking that the special administrator of Lorine's estate be given the authority to obtain a certified copy of the confession of judgment signed by Cheryl in the 2015 district court proceedings. In that motion, Margo explicitly requested that the special administrator register that confession of judgment in the Kansas district court "for the

purpose of offset of the obligation due under the Confession of Judgement and, to the extent not otherwise satisfied, for execution against the assets of Cheryl." At that point in time, Cheryl was very clearly put on notice of Margo's position that seeking an offset was not a "collection" effort and thus not barred by the settlement agreement. At the summary judgment hearing, Cheryl's counsel admitted that in November 2017, Cheryl "certainly suspected some fraud."

By November 2017, when Margo filed this motion, Cheryl still had at least 2 months to file her complaint to vacate the January 2016 judgment pursuant to the time limitation in § 25-2008. However, she chose not to do so. Instead, on November 28, she filed a verified motion for an ex parte order in the Platte County District Court. In that verified motion, Cheryl acknowledged that Margo was attempting to offset from Cheryl's inheritance the amount of the January 2016 order. Cheryl argued that this violated the terms of the parties' settlement agreement. Cheryl next filed a motion in the Kansas district court on December 5, which motion explicitly asserted that Margo's actions in attempting to register the confession of judgment and resulting order in the probate proceedings was "fraudulent." Cheryl's motions, both filed within the 2-year period after the date of the January 2016 judgment, indicate that Cheryl was aware of the alleged fraud by Margo. In fact, contrary to Cheryl's assertions in her brief to this court, the substance of the motions and the affidavit attached to her motion filed in Kansas indicate Cheryl's full understanding of the implications of Margo's actions. In her affidavit, Cheryl clearly stated her belief that Margo was not honoring the settlement agreement and was in fact seeking to collect the debt by way of offset. Given Cheryl's knowledge of the alleged fraud prior to the passage of the 2-year statute of limitations, the district court was correct in concluding that the fraud exception to the time constraints in § 25-2008 does not apply.

To the extent that Cheryl also asserts that Margo committed fraud by telling Cheryl that instead of collecting the January

2016 judgment entered against her, Lorine was going to use the judgment in order to offset certain capital gains taxes, we find Cheryl also had notice of these facts within 2 years after the judgment was entered against her. In the affidavit accompanying Cheryl's December 5, 2017, motion which was filed in the Kansas district court, Cheryl explains as follows:

> Margo . . . and her attorney . . . represented to me and my attorney . . . that the Confession of Judgment would benefit Lorine . . . by allowing her to take a loss deduction on her income tax return to offset the substantial capital gain tax she owed that resulted from the sale of real estate. I would not have agreed to the Settlement and Mutual Release Agreement but for the fact that it was stipulated that the confessed judgment would never be collected and but for the fact that Margo . . . and her attorney represented to me and my attorney that it would assist Lorine . . . regarding her income tax obligations.

The language in Cheryl's affidavit again clearly indicates her awareness of any potential fraud being perpetrated by Margo as it related to the settlement agreement and the confession of judgment. And, while Cheryl argues that she did not definitively learn that the judgment was not used to assist Lorine in her income tax obligations until December 2019, which was after the 2-year statute of limitations for filing the complaint to vacate had passed, by the time of her December 5, 2017, affidavit, Cheryl had notice of the bottom line. Margo was seeking to offset the judgment against any distribution Cheryl may receive from Lorine's estate, which was the ultimate basis for the alleged fraud. Again, given Cheryl's knowledge of the alleged fraud prior to the passage of the 2-year statute of limitations, the district court was correct in concluding that the fraud exception to the time constraints in § 25-2008 does not apply.

In her brief on appeal, Cheryl also asserts that the 2-year statute of limitations in § 25-2008 should have been tolled or extended during the will contest proceedings. Specifically,

Cheryl asserts that until the Kansas district court determined that the 2007 will should be probated and the Kansas appellate court affirmed that decision, there was no personal representative of the estate (or executor of the estate, as it is referred to under Kansas law) whom she could have served with her complaint to vacate. We find Cheryl's assertion in this regard to be without merit.

In July 2017, while the will contest proceedings were pending, the Kansas district court appointed a special administrator for Lorine's estate. Kansas law allows for the appointment of such a special administrator:

> For good cause shown a special administrator may be appointed pending the appointment of an executor or administrator . . . . The appointment may be for a specified time, to perform duties respecting specific property, or to perform particular acts. The duties of a special administrator shall be stated in the order of appointment. The special administrator may be required to give bond in such sum as the court shall direct. Such administrator shall make such reports as the court shall direct, and shall account to the court upon the termination of his or her authority.

Kan. Stat. Ann. § 59-710 (2005).

In its letters of appointment, the Kansas district court ordered the special administrator to perform a variety of specific duties, including paying taxes that had come due on real estate owed by Lorine, maintaining certain insurance policies, making payments for incurred debts, and collecting payment from existing debtors. In addition, the special administrator was to "[p]erform all other acts necessary to preserve the assets and to pay all necessary expenses of the Estate."

While Cheryl argues in her brief on appeal that the special administrator appointed during the pendency of the will contest proceedings was not given the explicit authority to accept service of complaints or claims filed against the estate, we find that the general authority provided to the special administrator

in the letters of appointment provides such authority. In the letters of appointment, the Kansas district court authorized the special administrator to perform necessary acts to preserve the assets of the estate. We read this language to include the authority to accept service of a claim made against the estate regarding a potential asset pending the will contest.

Upon our review, we find that Cheryl could have filed her complaint to vacate and served the special administrator with that complaint prior to the expiration of the 2-year period of limitation from the date the agreed-to judgment was entered. Cheryl learned of Margo's intent to offset Cheryl's inheritance in November 2017 and almost immediately took action to oppose Margo's actions in both Nebraska and Kansas. She had the ability to file and serve her complaint at that time, but did not do so. Her claim that she could not file her complaint to vacate until after an executor or personal representative was appointed is without merit.

## CONCLUSION

We affirm the decision of the district court to grant Margo's motion for summary judgment and to dismiss Cheryl's complaint to vacate the January 2016 judgment entered against her. Cheryl's complaint to vacate was not filed within the 2-year statute of limitations espoused in § 25-2008 and no exceptions apply to that time constraint. As such, Cheryl's complaint is time barred as a matter of law.

AFFIRMED.

BISHOP, Judge, participating on briefs.